COMMUNITY HOSPITAL OF ANDERSON AND MADISON COUNTY, St. Vincent Hospital, William J. Tierney, M.D., William J. Tierney Medical Corporation, John Doe, M.D.—A, John Doe, M.D.—B, Appellants,

v.

Lucille McKNIGHT, Shane Keith McKnight, Appellees.

No. 06S01–8606–CV–556.

Supreme Court of Indiana.

June 9, 1986.

Rehearing Denied Aug. 13, 1986.

Mary H. Watts, John P. Price, Bingham Summers Welsh Spilman, Myra C. Selby, Ice Miller Donadio & Ryan, Indianapolis, for appellants.

Melvin A. Richards, Bruce A. Boje, Noblesville, for appellees.

DeBRULER, Justice.

This case comes to this Court on petition to transfer from the First District of the Court of Appeals. *Community Hospital of Anderson and Madison County et al. v. McKnight et al.* (1985), Ind.App., 482 N.E.2d 280. The Court of Appeals decided adversely to plaintiffs-appellees' position, holding that in order for plaintiffs to prosecute a claim for death under the Medical Malpractice Act, I.C. § 16–9.5–1–1 et seq., they must first comply with the requirements of the Wrongful Death Statute, I.C. § 34–1–1–2, chief among which is that a personal representative appointed by a court must commence the wrongful death action within two years of decedent's death. We grant transfer to determine the relationship between the Medical Malpractice Act, I.C. § 16–9.5–1–1 et seq., and the Wrongful Death Statute, I.C. § 34–1–1–2.

The specific issue on appeal is whether the trial court erred in denying summary judgment where neither plaintiffs nor any other person or entity has been appointed as a personal representative authorized to prosecute a wrongful death claim.

These are the facts most favorable to the non-movant. On September 7, 1981, defendants or their agents or their employees rendered medical care and services to Donald O. McKnight. On September 8, 1981, Donald O. McKnight died. On December 17, 1981, Lucille McKnight, the decedent's wife, filed her Petition for Order that No Administration is Necessary and her Verified Petition for Probate of Will in the Madison Circuit Court. The court admitted the will to probate and found that no administration was necessary. The court ordered the whole of decedent's estate transferred, assigned, and vested in Lucille McKnight, the surviving spouse, with the right to collect said assets and take possession of the same.

On September 2, 1983, plaintiffs, Lucille McKnight and her son, Shane Keith McKnight, filed their proposed Complaint for Damages with the Indiana Insurance Commissioner. See I.C. § 16–9.5–1–1 et seq. On September 6, 1983, plaintiffs also filed their Complaint for Damages with the Hamilton Superior Court No. 1. Both complaints alleged that the defendants were negligent in rendering medical services to Donald O. McKnight and that such negligence proximately caused his death. On January 24, 1984, defendants filed their Joint Motion for Determination and Summary Judgment. On February 1, 1984, plaintiffs filed their Response to Motion to Dismiss and Motion for Summary Judgment Filed by Defendants. On January 14, 1985, after nearly a year of continuances, the trial court denied defendants' Motion for Determination and Summary Judgment.

I

The resolution of this case turns on whether a person pursuing a claim, which involves the death of a patient, against a health care provider must first be appointed personal representative under the Wrongful Death Statute, I.C. § 34–1–1–2. We hold that the clear language of the Medical Malpractice Act I.C. § 16–9.5–1–1 et seq. renders such a requirement unnecessary. The pertinent parts of the act are set forth here:

I.C. § 16–9.5–1–1–(c)

(c) "Patient" means a natural person who receives or should have received health care from a licensed health care provider, under a contract, express or implied, and includes any and all persons having a claim of any kind, whether derivative or otherwise, as a result of alleged malpractice on the part of health

care provider. Derivative claims include, but are not limited to, the claim of a parent or parents, guardian, trustee, child, relative attorney, or any other representative of such patient including claims for loss of services, loss of consortium, expenses and all such similar claims.

I.C. § 16–9.5–1–1(f)

(f) "Representative" means the spouse, parent, guardian, trustee, attorney, or other legal agent of the patient.

I.C. § 16–9.5–1–6

Subject to chapter 9 [of this article], a patient or his representative having a claim under this article for bodily injury or death on account of malpractice may file a complaint in any court of law having requisite jurisdiction and demand right of trial by jury. No dollar amount or figure shall be included in the demand in any malpractice complaint, but the prayer shall be for such damages as are reasonable in the premises. [I.C. § 16–9.5–1–6, as added by Acts 1975, P.L. 146, § 1.]

The above provisions clearly designate who is qualified to prosecute a claim. Plaintiffs-Appellees here fall within the scope of qualified persons: Lucille McKnight as spouse, and Shane Keith McKnight as child.

Defendants-Appellants argue that the above provisions should be construed in conjunction with the Wrongful Death Statute, I.C. § 34–1–1–2, and that such a construction supports a requirement that a plaintiff must first be appointed personal representative. Traditional rules of statutory construction do not support appellant's position.

■ When the meaning of a statute is plain and unambiguous, there is no room for judicial construction. See *State v. Jacobs* (1924), 194 Ind. 327, 142 N.E. 715. The Medical Malpractice Act is plain and unambiguous in designating who qualifies as a representative and in designating those who are eligible to pursue derivative claims. The Medical Malpractice Act is also plain and unambiguous in designating

that such claims can be for bodily injury or death.

■ Appellants' argument is based on the contention that the Medical Malpractice Act and the Wrongful Death Act are in pari materia. However, the rule of construction requiring statutes in pari materia to be construed together is only to be applied as an aid in determining the meaning of a doubtful statute; it cannot be invoked where the language of the statute is plain and unambiguous. See 26 I.L.E. Statutes § 130, see also *Hahn v. Moore* (1956), 127 Ind.App. 149, 133 N.E.2d 900 rehearing denied 127 Ind.App. 149, 134 N.E.2d 705.

Appellants further argue that the provisions of the Medical Malpractice Act concerning a claim for death are dependent upon the estate distribution mechanisms inherent in the Wrongful Death Statute. Consequently, without the appointment of a personal representative to trigger the distribution mechanisms, it is impossible to determine the proper beneficiaries of a successful claim for death under the provisions of the Medical Malpractice Act. This argument has no merit. A trial court is particularly well suited to effect a just and proper distribution of damages if such distribution be necessary. Furthermore, the absence of distribution mechanisms in the Medical Malpractice Act does not render its definitions of those qualified to file a claim dependent on the Wrongful Death Statute.

To the extent that the holding in *Warrick Hospital, Inc. v. Wallace* (1982), Ind. App., 435 N.E.2d 263 conflicts with the holding here, it is expressly overruled.

The opinion of the Court of Appeals is vacated. The trial courts denial of summary judgment is affirmed.

GIVAN, C.J., and PIVARNIK, SHEPARD and DICKSON, JJ., concur.