652 N.E.2d 486 (1995)
Michael R. PENCE and the Indiana Policy Review Foundation, Appellants and Cross-Appellees,
v.
The STATE of Indiana, the Indiana General Assembly, the Auditor of the State of Indiana, the Treasurer of the State of Indiana, the Public Employees Retirement Fund, and the Members of the 106TH and 107TH Indiana General Assemblies, Appellees and Cross-Appellants.
No. 49S00-9406-CV-579.
Supreme Court of Indiana.
June 20, 1995.
Rehearing Denied September 22, 1995.
*487 Charles P. Rice, South Bend, for appellants.
Richard A. Waples, Legal Director, Indiana Civ. Liberties Union, Indianapolis, amicus curiae.
Pamela Carter, Atty. Gen., Arend J. Abel, Sp. Counsel for Legal Policy, Office of Atty. Gen., Indianapolis, for appellees.

ON PETITION FOR EMERGENCY TRANSFER
DeBRULER, Justice.
This case comes before the court on petition for emergency transfer. Ind. Appellate Rule 4(A)(9). Appellants Michael R. Pence and the Indiana Policy Review Foundation, Inc. appeal from a grant of summary judgment. The trial court granted summary judgment for the defendants after finding that Public Law 4-1992 violates neither Section 19 nor Section 29 of Article IV of the Indiana Constitution.
This appeal was originally filed in the Court of Appeals, but appellants simultaneously filed a "Verified Petition for Emergency Transfer" in this court. App.R. 4(A)(9). This appeal does not satisfy the requirements of that rule. However, in accord with this court's inherent authority, transfer of the case is nevertheless granted because the trial judge whose judgment appellants are challenging now sits on the Court of Appeals.

Facts
On February 29, 1992, Public Law 4-1992 (P.L. 4-1992) became law without the signature of Governor Evan Bayh. The law amended sections of the Indiana Code to bring it into accord with the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213 (Supp. IV 1992), but P.L. 4-1992 also included provisions defining the salary of members of defendant Indiana General Assembly. These changes in the definition of "salary" increased the amount that the State is required to contribute to the General Assembly's pension fund.
Appellants brought suit, claiming that P.L. 4-1992 violated the Indiana Constitution. Specifically, appellants asserted that the law concerned more than a single topic, in violation of Article IV, Section 19,[1] and that it increased the pay of the members of the General Assembly while it was in session, in violation of Article IV, Section 19.[2] The trial court adjudged that the law violated neither of these constitutional provisions and granted summary judgment for the defendants.

Discussion and Decision
A case such as this challenging the constitutional validity of a statute, casts a higher and more difficult burden upon the court and litigants. The merits of such constitutional claims are preceded in court by the threshold question of standing. Board of Comm'rs of Howard County v. Kokomo City Plan Comm'n (1975), 263 Ind. 282, 330 N.E.2d 92. Standing is similar to, though not identical with, the real party in interest requirement of Trial Rule 17. Ind.Trial Rule 17(A). The point of both requirements is to insure that the party before the court has a substantive right to enforce the claim that is being made in the litigation. See State v. Rankin (1973), 260 Ind. 228, 294 N.E.2d 604.
The only interest which appellants allege is as citizens, except that appellant Pence also claims standing as a taxpayer. Historically, this Court has been more sympathetic to *488 such claims than our counterparts in the federal system. Nevertheless, the standing requirement remains an essential initial element in litigation of this type, serving as an important check on the exercise of judicial power by Indiana courts.
Standing is a key component in maintaining our state constitutional scheme of separation of powers. See Ind. Const. art. III, § 1. "The standing requirement is a limit on the court's jurisdiction which restrains the judiciary to resolving real controversies in which the complaining party has a demonstrable injury." Schloss v. City of Indianapolis (1990), Ind., 553 N.E.2d 1204, 1206 (citing City of Indianapolis v. Board of Tax Comm'rs (1974), 261 Ind. 635, 308 N.E.2d 868), reh'g denied. That a particular statute is invalid is almost never a sufficient rationale for judicial intervention; the party challenging the law must show adequate injury or the immediate danger of sustaining some injury. See Frothingham v. Mellon, 262 U.S. 447, 43 S.Ct. 597, 67 L.Ed. 1078 (1923).
The standing requirement mandates that courts act in real cases, and eschew action when called upon to engage only in abstract speculation. An actual dispute involving those harmed is what confers jurisdiction upon the judiciary:
For the disposition of cases and controversies, the Court requires adverse parties before it. Standing focuses generally upon the question whether the complaining party is the proper person to invoke the Court's power. However, more fundamentally, standing is a restraint upon this Court's exercise of its jurisdiction in that we cannot proceed where there is no demonstrable injury to the complainant before us.

City of Indianapolis v. Board of Tax Comm'rs, 261 Ind. at 638, 308 N.E.2d at 870 (emphasis added). Standing remains a significant restraint on the ability of Indiana courts to act, as it denies the courts any jurisdiction absent an actual injured party participating in the case.
Federal justiciability limits have no direct applicability here. See Matter of Lawrance (1991), Ind., 579 N.E.2d 32. Indeed, the Indiana Constitution has no "case or controversy" requirement at all. However, our explicit separation of powers clause fulfills a similar function. Indiana Dep't of Envtl. Management v. Chemical Waste Management, Inc. (1994), Ind., 643 N.E.2d 331, 336-37. While we do not permit overly formalistic interpretations of our separation of powers clause to impede substantial justice, the principle of separation of powers is as much a part of the Indiana Constitution as the principle of freedom of conscience. See Ind. Const. art. I, §§ 2-6.
Fortunately, no such weighty issues are presented by this case. While the availability of taxpayer or citizen standing may not be foreclosed in extreme circumstances, it is clear that such status will rarely be sufficient. For a private individual to invoke the exercise of judicial power, such person must ordinarily show that some direct injury has or will immediately be sustained. "[I]t is not sufficient that he has merely a general interest common to all members of the public." Terre Haute Gas Corp. v. Johnson (1942), 221 Ind. 499, 505, 45 N.E.2d 484, 486 (citing Ex Parte Levitt, 302 U.S. 633, 58 S.Ct. 1, 82 L.Ed. 493 (1937)), reh'g denied (1943), 221 Ind. 499, 48 N.E.2d 455. Appellant has failed to demonstrate any interest beyond that of the general public. In this case, such a lack of standing negates court jurisdiction.

Conclusion
Accordingly, we grant transfer and affirm the judgment on the aforesaid basis.
SHEPARD, C.J., and SULLIVAN and SELBY, JJ., concur.
DICKSON, J., dissents with opinion.
DICKSON, Justice, dissenting.
I respectfully dissent. The majority correctly acknowledges both that "[h]istorically, this Court has been more sympathetic to [claims of citizen or taxpayer standing] than our counterparts in the federal system," and that "[f]ederal justiciability limits have no direct applicability here," but declines to implement *489 these distinctions. I would find standing upon either of two bases.
First, I believe that plaintiff Pence has standing as an Indiana taxpayer to challenge the constitutionality of the expenditure of public funds by state officials under the statute in question. See Ellingham v. Dye (1912), 178 Ind. 336, 414, 99 N.E. 1, 28-29, appeal dismissed, Marshall v. Dye (1913), 231 U.S. 250, 34 S.Ct. 92, 58 L.Ed. 206. Accord Graves v. City of Muncie (1970), 255 Ind. 360, 361, 264 N.E.2d 607, 609; Zoercher v. Agler (1930), 202 Ind. 214, 222, 172 N.E. 186, 189; Dudley v. Sears, Roebuck & Co. (1952), 123 Ind. App. 358, 366-67, 109 N.E.2d 620, 623-24. Second, under Indiana's public standing doctrine, both plaintiffs, as Indiana citizens, have a right to challenge allegedly unconstitutional and illegal conduct of state officials. Where public rather than private rights are at issue, the usual requirements for establishing standing need not be met. Schloss v. City of Indianapolis (1990), Ind., 553 N.E.2d 1204, 1206 n. 3; Higgins v. Hale (1985), Ind., 476 N.E.2d 95, 101; Zoercher, 202 Ind. at 222, 172 N.E. at 189; Hamilton v. State ex rel. Bates (1852), 3 Ind. 451, 457.
The openness of Indiana courts is a foundational policy objective expressly recognized in Article I, Section 12 of the Indiana Constitution. The majority's decision today erects an enormous, if not a prohibitive, obstacle to citizens seeking access to the courts upon claims that the General Assembly has exceeded the limits of its constitutional powers. Abandoning to the legislature essentially free reign to act without heeding constitutional requirements surely defeats  rather than follows  Indiana's Distribution of Powers Clause. Ind. Const. art. III, § 1. As this Court opined in 1912, "Whether legislative action is void for want of power in that body, or because the constitutional forms or conditions have not been followed or have been violated, may become a judicial question, and upon the courts the inevasible duty to determine it falls." Ellingham, 178 Ind. at 391, 99 N.E. at 21. By refusing to allow the plaintiffs access to the courts for resolution of their claims of constitutional violation, the majority appears to relinquish to the legislative branch a portion of this Court's judicial responsibility.
I further dissent from the majority opinion because of its failure to address the merits of the issue presented by the parties on appeal: whether the annexation of statutory provisions concerning the legislators' pension plan to a bill on state compliance with the federal Americans with Disabilities Act violated Article IV, Section 19 of the Indiana Constitution, which generally requires that an act "shall be confined to one subject and matters properly connected therewith."
The framers of our Constitution believed this provision was necessary to safeguard the legislative process against political "log-rolling," where legislators combine two unrelated bills, each without sufficient support to pass on its own, in order to accumulate the requisite number of votes to pass both. See 2 Report of the Debates and Proceedings of the Convention for the Revision of the Constitution of the State of Indiana 1850 1085-86 (1850). Delegates to Indiana's Constitutional Convention expressed overwhelming approval of the language, "Every law shall embrace but one subject, which shall be expressed in the title," by an initial vote of 105 to 21, 2 id. at 1085, 1087, and finally with the passage of the entire section by a vote of 93 to 34. 2 id. at 2014. Furthermore, the citizens of Indiana recently reaffirmed their demand for the single-subject requirement. Although Article IV, Section 19 was amended in 1960 and 1974, the voters retained the single-subject requirement for all acts except those "for the codification, revision or rearrangement of laws." Compare 2 id. at 2069 with Ind. Const. art. IV, § 19.
I favor enforcement of this constitutional imperative and believe that Indiana courts should seriously consider claims that enactments violate this requirement. Particularly in view of the recently renewed commitment of Indiana citizens to the single-subject requirement, courts should henceforth invalidate nonconforming statutory provisions.
However, this has not been the policy generally followed in past decisions. Rather, this Court has often permitted the legislature's combination of questionably related subjects into a single act. See, e.g., Dague v. *490 Piper Aircraft Corp. (1981), 275 Ind. 520, 418 N.E.2d 207; Bright v. McCullough (1866), 27 Ind. 223. Due to our prior reluctance to enforce the single-subject-per-act requirement and our resulting implied invitation to the General Assembly to accord minimal attention to the single-subject requirement in our Constitution, we should continue to extend considerable deference to provisions enacted prior to today. To invalidate the presently challenged statutory provisions, presumably enacted in reliance upon this Court's precedent, would thus be inappropriate.
I would find that the plaintiffs have standing to seek judicial determination of the questions presented but would uphold the challenged legislation as congruous with prior decisions interpreting the single-subject-per-act requirement of the Indiana Constitution, which should henceforth be fully enforced.
NOTES
[1] "An act, except an act for the codification, revision or rearrangement of laws, shall be confined to one subject and matters properly connected therewith." Ind. Const. art. IV, § 19.
[2] "The members of the General Assembly shall receive for their services a compensation to be fixed by law; but no increase of compensation shall take effect during the session at which such increase may be made." Ind. Const. art. IV. § 29.