FOR PUBLICATION

ATTORNEY FOR APPELLANT
: 
ATTORNEYS FOR APPELLEE
:

RICHARD J. DARKO WILLIAM L. SWEET, JR.

Lowe Gray Steele & Darko 
KRISTEN L. MALY

Indianapolis, Indiana Beckman, Lawson, Sandler, Snyder

   & Federoff, L.L.P.

Fort Wayne, Indiana

IN THE

COURT OF APPEALS OF INDIANA

FORT WAYNE EDUCATION ASSOCIATION, )

MICAELA FUNK, TOM W. RICHARDSON, )

DONALD L. BERNARD, DELENE RUTLEDGE, )

BRUCE A. FLOHR, GEORGEANNA BALOGH )

AND BECKY GNAU, )

)

Appellants-Plaintiffs, )

)

vs. )     No.  49A02-9703-CV-164

)

INDIANA DEPARTMENT OF EDUCATION, )

INDIANA STATE BOARD OF EDUCATION, )

BOARD OF SCHOOL TRUSTEES OF FORT )

WAYNE COMMUNITY SCHOOLS, AND )

RICHARD M. MILBURN HIGH SCHOOL, INC., ) 

)

Appellees-Defendants. )

APPEAL FROM THE MARION SUPERIOR COURT, NO. 7

The Honorable Gerald S. Zore, Judge

Cause No.  49D07-9608-CP-1100

March 13, 1998

OPINION - FOR PUBLICATION

RUCKER, Judge

Fort Wayne Education Association, Micaela Funk, Tom W. Richardson, Donald L. Bernard, Delene Rutledge, Bruce A. Flohr, Georgeanna Balogh and Becky Gnau (Appellants) appeal the dismissal of their action against the Indiana Department of Education, Indiana State Board of Education, Board of School Trustees of Fort Wayne Community Schools, and Richard M. Milburn High School, Inc. (Defendants).  Appellants appeal one issue which we rephrase as whether the trial court erred in finding the Appellants lack standing to bring an action.  We affirm.

On February 20, 1996 the Board of School Trustees of Fort Wayne Community Schools (School Board) entered into an agreement with Richard M. Milburn High School, Inc. (High School).  Under the agreement, the School Board agreed to pay the High School two thousand three hundred thirty-four dollars ($2,334.00) per semester for each student enrolled in an alternate education program provided by the High School.  Funding for the program was based upon a statutory formula and included both state and local monies. 

On April 26, 1996 the Appellants filed a Complaint and Verified Petition for Judicial Review with the Marion Superior Court, challenging the legality and constitutionality of the agreement and sought recovery of monies paid.  In response, the School Board, Department of Education, State Board of Education and High School filed separate motions to dismiss the action alleging the Appellants lacked standing.  The trial court granted the motions.  This appeal ensued in due course.  

Defendants contend the Appellants lack standing to challenge the actions of the School Board.  Specifically, they contend that the Appellants are taxpayers and ordinary citizens with only a general interest common to all members of the public.  Consequently, they continue, Appellants cannot demonstrate any injury beyond the fact that less money will be available for other school programs as a result of the agreement between the School Board and the High School.  Appellants counter that, as parents and taxpayers they have a personal stake in the outcome and are in danger of suffering some direct injury, thereby establishing both public and personal standing.  They further cite 
Appeal of Sears, Roebuck & Co.
, 123 Ind. App. 358, 109 N.E.2d 620 (1952), as establishing a common law right permitting taxpayers to challenge transactions involving municipalities.

Although not identical, standing is similar to the real party in interest requirement of Ind.Trial Rule 17.  
Pence v. State
, 652 N.E.2d 486 (Ind. 1995), 
reh’g denied
.  Both are threshold requirements intended to insure that the party before the court has the substantive right to enforce the claim being asserted.  
Id.
  

Standing remains an essential element in litigation which serves as a check on the exercise of judicial power by Indiana courts and thereby maintains our state constitutional scheme of separation of powers.  
Id.
 at 488.  It mandates that courts act in real cases, and refrain when called to engage in abstract speculation.  
Id.
  Jurisdiction is conferred only upon an actual dispute involving those harmed.  
Id.
  Further, standing "denies the courts any jurisdiction absent an actual injured party participating in the case."  
Id.

Under the traditional private standing doctrine, a party must demonstrate both a personal stake in the outcome of the lawsuit and, at a minimum, that he is in immediate danger of sustaining some direct injury as a result of the conduct at issue.  
Shand Mining Inc., v. Clay County Bd. of Comm'rs
, 671 N.E.2d 477 (Ind. Ct. App. 1996), 
trans. denied
.  Appellants contend that they meet these requirements.  They argue that by virtue of the fact that their children attend Fort Wayne public schools, they have a very personal stake in the outcome of the lawsuit.  They also contend that they will suffer direct injury due to the fact that any money used to fund the agreement necessarily means that less money is used for other programs.  Finally, they contend that the extent of the injury suffered as a result of the agreement is not currently determinable as they have been unable to pursue discovery at this stage.  We disagree.

Even assuming 
arguendo
 that we accepted Appellants' argument that their status as parents demonstrated a personal stake in the outcome of this lawsuit, we cannot accept their contention that they have suffered some direct injury as a result of the School Board's conduct.  Their argument is premised on the twin assumptions that the money used to fund the High School will result in less money being available for other programs and that, as a result of this, other students will be injured.  This argument merely calls upon the court to engage in the type of "abstract speculation" which 
Pence
 directs courts to avoid.  Because Appellants have failed to demonstrate direct injury, we find the trial court did not err in determining they lacked private standing.

Appellants also argue that they have standing under the public standing doctrine.  That doctrine was addressed by our supreme court in  
Higgins v. Hale
,  476 N.E.2d 95 (Ind. 1985).  There, the court stated:

Indiana cases recognize certain situations in which public rather than private rights are at issue and hold that the usual standards for establishing standing need not be met.  This Court [has] held . . . that when a case involves enforcement of a public rather than a private right the plaintiff need not have a special interest in the matter nor be a public official. 

Id.
 at 101 (citations omitted).

Appellants argue that public education and funding is the type of public right contemplated by 
Higgins
.  They attempt to support this argument by pointing out that public education was enshrined in a separate article of the 1851 Indiana Constitution.  They further point out that Indiana courts have traditionally found a common law right of taxpayers to challenge the expenditure of local tax funds by local governments. 

The doctrine of public standing was revisited by our supreme court in the case of 
Pence v. State
, 652 N.E.2d 486 (Ind. 1995).  There, the court stated:

While the availability of taxpayer or citizen standing may not be foreclosed in extreme circumstances, it is clear that such status will rarely be sufficient.  For a private individual to invoke judicial power, such person must ordinarily show that some direct injury has or will be immediately sustained.  “[I]t is not sufficient that he has merely a general interest common to all members of the public.”

Id.
 at 488.

For the reasons cited above, we again find the Appellants failed to demonstrate any  direct injury as required by 
Pence
.  Thus, we again conclude that the trial court did not err in determining that the Appellants lack public standing to bring this action.

Judgment affirmed.

GARRARD, J., and DARDEN, J., concur.