**Jacob Robert HOSLER, By His Next Friend, Vickie HOSLER, Appellant–Plaintiff,**

v.

**CATERPILLAR, INC., Appellee–Defendant.**

No. 91A05–9806–CV–302.

Court of Appeals of Indiana.

April 13, 1999.

Rehearing Denied May 21, 1999.

194

**195**

Kelly Leeman, Logansport, Indiana, Attorney for Appellant.

Michael R. Conner, Joseph C. Chapelle, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

SULLIVAN, Judge

Appellant, Jacob Robert Hosler (Jacob), by his next friend, Vickie Hosler (Vickie), appeals the trial court's dismissal of his wrongful death action against Appellee, Caterpillar, Inc. (Caterpillar).

We affirm.

The sole issue presented upon appeal is whether Jacob's wrongful death action is barred, where Jacob's claim was filed within two years of his father's death due to an allegedly defective product manufactured by Caterpillar but where the father's estate was not opened and no personal representative for the estate was appointed for more than two years following the father's death.

1. T.R. 12(B)(6) provides for dismissal of a claim based upon the plaintiff's "[f]ailure to state a claim upon which relief can be granted...."

Roger Hosler (Roger) died on August 15, 1995, upon being caught under and crushed by an articulated dump truck manufactured by Caterpillar. Roger was survived by his minor son and only dependent, Jacob. Vicki is Jacob's mother and natural guardian. Roger and Vicki were divorced prior to Roger's death.

On August 12, 1997, in the White Circuit Court, Vicki filed a complaint for damages against Caterpillar as the next friend of Jacob. The complaint alleged that the articulated dump truck was defective and that Caterpillar had been negligent in, among other things, the design, manufacture, building, inspection and labeling of the truck. In addition, Vicki asserted that Caterpillar recklessly failed to provide adequate warning of the dangers and hazards of the truck and that such failure proximately caused Roger's death. Finally, she claimed that Caterpillar knew that the truck was dangerous and defective yet intentionally failed to take steps to make the product safe in order to minimize expenses and to maximize profits.

■ Caterpillar filed a motion to dismiss the action pursuant to Ind. Trial Rule 12(B)(6)[1] on September 8, 1997. In its brief supporting the motion to dismiss, Caterpillar claimed that neither Vickie nor any other person had been appointed personal representative of Roger's estate. Because only a personal representative may bring a wrongful death action pursuant to the Indiana Wrongful Death Act,[2] Caterpillar argued, neither Jacob nor Vicki as his next friend could properly maintain the action.

On October 20, 1997, the White Circuit Court held a hearing on the motion to dismiss. On December 12, 1997, the Cass Circuit Court appointed Vickie the personal representative of Roger's estate for the sole purpose of prosecuting a wrongful death claim against the defendant. On that same day, Vicki moved to have herself added to the instant case as an additional party. On January 26, 1998, the trial court entered its final judgment, denying Vicki's motion to add an

2. I.C. 34–1–1–2, *repealed by* Acts 1998, P.L. 1, § 221. For present provision, *see* I.C. 34–23–1–1 (Burns Code Ed. Repl.1998).

additional plaintiff and granting Caterpillar's motion to dismiss.

 A motion to dismiss pursuant to T.R. 12(B)(6) tests the legal sufficiency of a claim, not the facts supporting a claim. *Vakos v. Travelers Ins.* (1998) Ind.App., 691 N.E.2d 499, 501, *trans. denied.* Upon reviewing a T.R. 12(B)(6) motion, we view the pleadings in the light most favorable to the nonmoving party and draw every reasonable inference in favor of that party. *Right Reason Publications v. Silva* (1998) Ind.App., 691 N.E.2d 1347, 1349. We will affirm a T.R. 12(B)(6) dismissal when a complaint states a set of facts which, even if true, would not support the relief requested in the complaint. *Id.*

 Appellant challenges the trial court's interpretation of Indiana's Wrongful Death Act, which provides: "When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, . . . [T]he action shall be commenced by the personal representative of the decedent within two (2) years." I.C. 34–1–1–2 (Burns Code Ed. Repl.1998).[3] In dismissing the instant case, the trial court cited *General Motors Corp. v. Arnett* (1981) Ind. App., 418 N.E.2d 546, as controlling authority.

In *Arnett,* the husband died on January 28, 1978. His wife filed a wrongful death action against General Motors on May 10, 1979. However, the wife was not appointed as the personal representative of her husband's estate until May 27, 1980—four months beyond the statutory filing period. We first noted the well-established principle that an action

for wrongful death is purely statutory and did not exist at common law. *Arnett, supra,* 418 N.E.2d at 548 (citing cases dating back to 1900).[4] Therefore, we observed that the two year time period for filing a wrongful death action is not a statute of limitations but rather is "a condition precedent to the existence of the claim." *Arnett, supra* at 548. Furthermore, it is clear under Indiana law that only the decedent's personal representative may prosecute a wrongful death claim. *Id.* (citations omitted). Because the wife—in her capacity as the personal representative of her husband's estate—did not bring a wrongful death action within two years of her husband's death, we concluded that she failed to meet the condition precedent. *Id.* Thus, she lost her statutorily conferred right to bring a wrongful death action against General Motors. *Id.*

Our decision in *Arnett* also concluded that neither T.R. 15(C) nor T.R. 17(A) saved the wife's wrongful death claim. T.R.15(C) allows the claim or defense asserted in an amended pleading which meets prescribed conditions to relate back to the date upon which the original complaint was filed. In *Arnett,* however, we determined that T.R. 15(C) did not apply "for the simple reason that it was *not* [the wife's] complaint which was amended, rather it was her legal status which was altered."[5] *Arnett, supra,* 418 N.E.2d at 548 (emphasis in original). Further, we concluded that T.R. 17(A)[6] did not control the issue of whether, as a matter of law, the wife could maintain her action. Rather, "Indiana substantive law as hereinabove discussed must be held to control over the procedural liberality contained in T.R. 17(A)." *Id.* at 549.

---

3. The present version of this statute, I.C. 34–23–1–1, contains identical language.

4. The principle has been reaffirmed by subsequent case law. *See, e.g., Southerland v. Hammond* (1998) Ind.App., 693 N.E.2d 74, 77; *South v. White River Farm Bureau Co–op* (1994) Ind. App., 639 N.E.2d 671, 673, *trans. denied.*

5. Our decision in *Arnett* noted that T.R. 15(C) expressly provided only for a change of defendants; we declined to address whether T.R. 15(C) also applied to a change of plaintiffs. *Arnett, supra,* 418 N.E.2d at 548 n. 1. *But see Honda Motor Co., Ltd. v. Parks* (1985) Ind.App.,

485 N.E.2d 644, 647 n. 2 (noting that, in cases not involving wrongful death, "we have allowed amendment to add a party plaintiff after the statute of limitations had run where the conditions of Trial Rule 15(C) were met.") (citation omitted), *infra.* We also do not reach this issue in the instant case.

6. T.R. 17(A) states that, "[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time after objection has been allowed for the real party in interest to ratify the action, or to be joined or substituted in the action."

*Arnett* is dispositive of the issues in the instant case. Vicki's appointment as the personal representative of Roger's estate within two years of his death was a condition precedent to prosecuting a wrongful death action against Caterpillar for Jacob's benefit. "An action for wrongful death must be brought within two years of the date of death.... In Indiana this two year time period is not a statute of limitations but a condition precedent to the existence of the claim." *Southerland v. Hammond* (1998) Ind.App., 693 N.E.2d 74, 76–77 (citing *Arnett, supra*, 418 N.E.2d at 548). Vicki failed to meet this statutory condition precedent for prosecuting a wrongful death claim. The trial court having determined that such condition had not been met, it rightfully concluded that appellant's action should be dismissed for lack of a legally sufficient claim.[7]

■■■ Appellant contends that Caterpillar lacked standing to challenge the status of Roger's estate, because Caterpillar had "no rightful expectation or right to the protection of any statutory or procedural estate safeguard set up to protect heirs of a deceased." Appellant's Brief at 8.[8] "The judicial doctrine of standing focuses on whether the complaining party is the proper person to invoke the court's power." *Hauer v. BRDD of Ind., Inc.* (1995) Ind.App., 654 N.E.2d 316, 317, *trans. denied.* "Standing is similar to, though not identical with, the real party in interest requirement of [Indiana] Trial Rule 17." *Pence v. State* (1995) Ind., 652 N.E.2d 486, 487, *reh'g denied.* "Both are threshold requirements intended to insure that the party before the court has the substantive right to enforce the claim being asserted." *Fort Wayne Educ. Ass'n v. Indiana Dep't of Educ.* (1998) Ind.App., 692 N.E.2d 902, 904 (citing *Pence, supra* at 487), *trans. denied.* "Under the traditional private standing doctrine, a party must demonstrate both a personal stake in the outcome of the lawsuit and, at a minimum, that he is in immediate danger of sustaining some direct injury as a result of the conduct at issue." *Fort Wayne, supra* at 904.

■■■ Caterpillar possessed proper standing to challenge the legal sufficiency of the claim based upon the status of Roger's estate. The suit sought to hold the defendant responsible for the wrongful death of Jacob's father. Thus Caterpillar, facing the immediate danger of suffering a direct injury if found responsible for Roger's death, had a substantial interest in the suit's outcome. Caterpillar had no specific interest in Roger's estate per se; however, in the context of defending a lawsuit, it possessed a substantial interest in whether the estate existed and whether Vicki had been appointed personal representative of the estate. It was proper under the circumstances for Caterpillar to challenge whether Vicki, as Jacob's next friend, had the substantive right to enforce a wrongful death claim against it.[9]

■■■ T.R. 15(C) may not be used to save the wrongful death claim from dismiss-

---

7. Our decision is unaffected by the recent Indiana Supreme Court decision in *Indiana Farmers Mutual Ins. Co. v. Richie*, (1999) Ind., 707 N.E.2d 992. *Richie* involved a tort claim *against* a decedent rather than a wrongful death action brought by a decedent's estate. In the former situation, our Supreme Court has indicated that appointment of a special administrator is not necessary for a suit solely to collect proceeds of insurance under which the decedent was the insured. Our Supreme Court has thereby created an exception to the provisions of the probate code and has, in effect, held that in certain situations a person injured by tort may file a suit directly against the insurer. This would appear to alter the long standing law first expressed in *Bennett v. Slater* (1972), 154 Ind.App. 67, 289 N.E.2d 144, that a party may not pursue a claim directly against the insurer based on the actions of an insured. *See also Community Action of*

*Greater Indianapolis, Inc. v. Indiana Farmers Mutual Ins. Co.*, (1999) Ind.App., 708 N.E.2d 882.

8. In support of his claim, appellant cites only a factually dissimilar criminal case, *United States v. Padilla* (1993) 508 U.S. 77, 113 S.Ct. 1936, 123 L.Ed.2d 635, which involved the standing of a co-conspirator to challenge a search or seizure.

9. "A real party in interest objection asserts that plaintiff is not the owner of the claim sued on. The TR.17(A) question is raised by means of a TR.12(B)(6) motion." *State Farm Mutual Automobile Mut. Ins. Co. v. Shuman* (1977) 175 Ind. App. 186, 370 N.E.2d 941, 950. To the extent that Caterpillar's motion to dismiss may be construed as raising a real party in interest objection, we note that, pursuant to *Arnett, supra*, 418 N.E.2d at 549, Jacob could not have properly invoked T.R. 17(A) to save his claim.

al. As we observed in *Arnett*, amending a complaint pursuant to T.R. 15(C) does not alter a party's legal status. *Arnett, supra,* 418 N.E.2d at 549. Even had Vicki been permitted to amend her complaint, her appointment as Roger's personal representative could not have related back to the filing of her original complaint·for purposes of prosecuting a wrongful death action against Caterpillar. *See also, Honda Motor Co., Ltd. v. Parks* (1985) Ind.App., 485 N.E.2d 644, 647 n. 2 ("It is clear under Indiana law, T.R. 15(C) may not be utilized to substitute a qualified plaintiff in a wrongful death case for an unqualified one after the expiration of two years."), *reh'g denied; Warrick Hosp., Inc. v. Wallace* (1982) Ind.App, 435 N.E.2d 263, 268 (Applying *Arnett,* court found that widow had not been appointed personal representative within two years of husband's death; therefore, "she could not institute any proceeding for wrongful death resulting from medical malpractice ... by an action [for wrongful death] filed in court."), *overruled in part by, Community Hosp. of Anderson and Madison County v. McKnight* (1986) Ind., 493 N.E.2d 775, *reh'g denied.*[10]

Appellant next asserts that Indiana's Wrongful Death Act violates Art. I, § 23 of the Indiana Constitution, the Privileges and Immunities Clause, which provides, "[t]he General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities which, upon the same terms, shall not equally belong to all citizens." Jacob argues that minor children are treated differ-

ently under Indiana's product liability and medical malpractice statutes. In reaching this conclusion, he discerns a discriminatory effect in requiring that, in order to prosecute a wrongful death action based upon product liability, an estate must be opened for a minor's deceased parent and a personal representative for the parent's estate must be appointed, while, in contrast, "similar unnecessary requirements are not needed under the Medical Malpractice Act." Appellant's Brief at 12.

In order to have an actionable claim under Art. 1, § 23, a party must demonstrate that he or she has been subjected to unequal treatment. *Collins v. Day* (1994) Ind., 644 N.E.2d 72, 80 (holding that statutes may grant unequal privileges or immunities under Art. I, § 23 if, first, "the *disparate treatment* accorded by the legislation [is] reasonably related to inherent characteristics which distinguish the unequally treated classes." (emphasis supplied)). Indiana law does not recognize a claim by a minor for the injury or death of a parent. *Dearborn Fabricating and Engineering Corp., Inc. v. Wickham* (1990) Ind., 551 N.E.2d 1135, 1139 ("[A]part from wrongful death actions, a child may not maintain an action for loss of parental consortium when the parent is negligently injured by a third person.").[11] Therefore, Jacob could not have brought an independent action for the wrongful death of his father, whether based upon product liability or medical malpractice.[12] Thus, the statutes

---

10. Appellant claims that the Indiana Supreme Court, in *Community Hosp. of Anderson and Madison County v. McKnight* (1986) Ind., 493 N.E.2d 775, *reh'g denied,* "reversed the *Warrick* decision and questioned the holding in *Arnett."* Appellant's Brief at 10. However, the *McKnight* decision made no reference to *Arnett.* Further, it only overruled *Warrick* to the extent that that decision conflicted with the supreme court's holding in *McKnight. McKnight, supra,* at 777. In *McKnight,* the Indiana Supreme Court determined that Indiana's Medical Malpractice Act allowed a party to bring a medical malpractice claim against a health care provider based upon a patient's death without first having a personal representative appointed. In doing so the Court merely held that the clear language of the Medical Malpractice Act controlled. *McKnight* did not reverse the *Warrick* court's conclusion that a timely filing of a wrongful death action by the decedent's personal representative was a condi-

tion precedent to the right to bring a wrongful death action and did not question the *Arnett* court's decision that T.R. 15(C) was unavailable for purposes of adding a personal representative to a wrongful death claim upon expiration of the two year filing period.

11. The Indiana Supreme Court, however, noted that its holding in *Dearborn* did "not preclude recovery for psychological or medical expenses, or other special damages, incurred by or on behalf of a child which proximately results from tortious injuries to a parent." *Dearborn,* 551 N.E.2d at 1139 n. 2.

12. Jacob also alleges disparate treatment based upon the worker's compensation statute, which allows an employer or an employer's compensation insurance carrier to institute an action to recover payments made to an employee or his

do not result in the unequal treatment of minor children. In the case of a child's deceased parent, the statutes merely designate who may pursue damages for the parent's wrongful death.[13] We conclude that Indiana's wrongful death statute does not violate Indiana's Privileges and Immunities Clause.

■■■ Finally, Jacob asserts that his wrongful death claim should be reinstated pursuant to the Journey's Account Statute,[14] which at the time the instant action was filed provided:

> "If, after the commencement of an action, the plaintiff fails therein, from any cause except negligence in the prosecution, or the action abate, or be defeated by the death of a party, or judgment be arrested or reversed on appeal, a new action may be brought within five [5] years after such determination, and be deemed a continuation of the first, for purposes herein contemplated." [15]

"The Journey's Account Statute is designed to ensure that the diligent suitor retains the right to a hearing in court until he receives a judgment on the merits." *Vesolowski v. Repay* (1988) Ind., 520 N.E.2d 433, 434, *reh'g denied.* "In order to claim the saving power of the Journey's Account Statute, a plaintiff must have filed his original cause of action timely." *Id.* at 435; *see also, Cox v. American Aggregates Corp.* (1997) Ind., 684 N.E.2d 193, 195 (observing that Journey's Account Statute by its terms only applies to a "new action" that may be "a continuation of the first" action). As we determined *supra,* Jacob failed to timely file his wrongful death action. Therefore, the Journey's Account Statute may not be applied to save his claim in the instant case.

In summation, we conclude that Vicki did not file a wrongful death claim as the personal representative of Roger's estate within two years of Roger's death. Because this condition precedent was not met, appellant's claim was properly dismissed pursuant to T.R. 12(B)(6), and neither T.R. 15(C) nor 17(A) may revive the lost cause of action. Further, the wrongful death statute does not violate Indiana's Privileges and Immunities Clause. Finally, the Journey's Account Statute does not function to reinstate Jacob's claim, which was not initially filed in a timely manner.

The judgment is affirmed.

SHARPNACK, C.J., and BROOK, J., concur.

---

dependants under the statute up to one year following dismissal of a minor child's claim. I.C. 22–3–2–13 (Burns Code Ed. Repl.1997). Appellant's reference to the worker's compensation statute is misplaced. I.C. 22–3–2–13 allows the dependants of a deceased employee to pursue "a legal liability" against a person other than the employer or a person in the same employ as the deceased notwithstanding the employer or the employer's compensation insurance carrier's payment of or liability to pay compensation pursuant to the statute. The one year time period allows the employer or the employer's compensation insurance carrier to pursue recovery of only those funds that it had paid on behalf of the decedent. Further, these funds can only be recovered by the employer or the employer's insurer if they had been paid to the dependants or on behalf of the deceased employee. The dependants would be effectively "double dipping" if allowed to recover from the employer pursuant to the worker's compensation statute and from the party at fault through another legal action. Thus, there is no disparate treatment of minors under this provision.

**13.** We note that a medical malpractice claim can be filed by "a patient or *the representative of a patient* who has a claim ... for bodily injury or death on account of malpractice...." I.C. 27–12–8–1, *repealed by* Acts 1998, P.L. 1, § 221. For present provision, *see* I.C. 34–18–8–1 (Burns Code Ed. Repl.1998) (emphasis supplied).

**14.** I.C. 34–1–2–8, *repealed by* Acts 1998, P.L. 1, § 221. For present provision, *see* I.C. 34–11–8–1 (Burns Code Ed. Repl.1998).

**15.** The current version of the Journey's Account Statute requires a new action to be brought within three years.