# FOR PUBLICATION

ATTORNEYS FOR APPELLANT:

**JOSHUA D. HAGUE**
**LIBBY Y. GOODKNIGHT**
Krieg DeVault LLP
Carmel, Indiana

ATTORNEYS FOR APPELLEE:

**BRIAN J. PAUL**
**NATHANIEL M. UHL**
Ice Miller LLP
Indianapolis, Indiana



FILED
Dec 05 2013, 9:06 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

OLD NATIONAL BANCORP d/b/a )
OLD NATIONAL TRUST COMPANY, as )
Trustee of the Percy E. Goodrich Trust and the )
Hanover College Trust, )
)
    Appellant-Respondent, )
)
        vs. )    No. 68A05-1303-TR-111
)
HANOVER COLLEGE, )
)
    Appellee-Petitioner. )

APPEAL FROM THE RANDOLPH CIRCUIT COURT
The Honorable Jay L. Toney, Judge
Cause Nos. 68C01-1110-TR-116
68C01-1110-TR-117

**December 5, 2013**

**OPINION - FOR PUBLICATION**

**DARDEN, Senior Judge**

## STATEMENT OF THE CASE

Old National Trust Company ("Old National") served as the trustee for both the Percy E. Goodrich Trust and the Hanover College Trust. In 2012, Hanover College petitioned the trial court to terminate both trusts. Following a hearing, the trial court entered judgments terminating both trusts and ordering the transfer of the trusts' assets to Hanover College.

Old National, as Trustee, brought separate appeals from the trial court's orders terminating both trusts. The two appeals were consolidated into one, and Hanover College filed a motion to dismiss the appeal alleging that Old National lacked standing. As this issue is dispositive, we need not and cannot consider the appeal on its merits, and, therefore, we dismiss.

## ISSUE

Whether Old National has standing to pursue an appeal of the trial court's judgments terminating the trusts.

## FACTS AND PROCEDURAL HISTORY

In 2012, Hanover College filed petitions to terminate both the Hanover College Trust and the Goodrich Trust pursuant to Indiana Code section 30-4-3-24.4. At that time, Old National was the Trustee of both trusts. The trial court held a hearing on both petitions on September 27, 2012. On February 14, 2013, the trial court issued its findings of fact and conclusions of law granting Hanover College's petitions, approving immediate termination of both trusts, and ordering Old National to transfer the trust

assets to Hanover College.  Old National did not seek a stay of the trial court's judgment but rather transferred the assets of both trusts to Hanover College and subsequently brought appeals, in its capacity as Trustee, in both causes.

This Court granted Hanover College's unopposed motion to consolidate the appeals, and Hanover College subsequently filed a motion to dismiss on the ground that Old National lacked standing to bring the appeal.  Old National filed a response, and Hanover College has filed a reply and a motion to accept its reply, which we grant under separate order.

DISCUSSION AND DECISION

Hanover College contends that Old National lacks standing to pursue this appeal. Standing is defined as having a sufficient stake in an otherwise justiciable controversy. *Ind. Civil Rights Comm'n v. Indianapolis Newspapers, Inc.*, 716 N.E.2d 943, 945 (Ind. 1999).  The point of the standing requirement is to insure that the party before the court has a substantive right to enforce the claim that is being made in the litigation.  *Pence v. State*, 652 N.E.2d 486, 487 (Ind. 1995).  The standing requirement is a limit on the court's jurisdiction that restrains the judiciary to resolving real controversies in which there is a demonstrable injury to the complainant.  *Id.* at 488.  Accordingly, in order to have standing, the complaining party must show adequate injury or the immediate danger of sustaining some injury.  *Id.*

In the present case, the trial court terminated the trusts in its judgment of February 14, 2013.  In granting Hanover College's petitions to terminate the trusts, the trial court stated that it approved termination of the trusts "effective immediately," and ordered the

3

parties to do all things necessary to effectuate the termination of the trusts, including transfer of the trusts' assets from Old National to Hanover College. Appellant's App. pp. 17, 24. The parties agree that the trusts terminated and the assets were transferred.

Generally, upon the termination of a trust, the powers and office of the trustee terminate. 90 C.J.S. *Trusts* § 114 (2010); *see also Clifford v. Helvering*, 105 F.2d 586, 590 (8th Cir. 1939) (stating that when trust ceases, powers and office of trustee terminate), *rev'd on other grounds*, 309 U.S. 331, 60 S. Ct. 554, 84 L. Ed. 788 (1940). An exception to this general rule is the continuation of the powers of the trustee for a reasonable time in a restricted manner in order to wind up the trust and distribute trust property. 90 C.J.S. *Trusts* § 114. However, even in such a case, upon completion of the winding up of the trust, the trustee's remaining limited powers terminate.

We find *Union Savings & Trust Co. v. Eddingfield*, 78 Ind. App. 286, 134 N.E. 497 (1922), instructive. In that case, a trust company was appointed administrator of an estate. Later, the trial court issued an order revoking the trust company's letters of administration. The trust company appealed in its representative capacity, and this Court stated that the order of revocation was self-executing and took effect immediately. The order completely stripped the trust company of its representative capacity and authority such that its prior connection with the estate was completely severed and that "[t]hereafter it had no more standing as an administrator than a dead man." *Id.* at 498.

More recently, a panel of this Court discussed standing in *Simon v. Simon*, 957 N.E.2d 980 (Ind. Ct. App. 2011). There, after having been removed as personal representative and trustee of her late husband's estate and trust, Bren Simon brought an

4

appeal of an order of the trial court in her representative capacities. This Court noted that the trial court's removal order had not been stayed and held that Bren lacked standing to maintain the appeal because when she was removed as personal representative and trustee, she lost her authority to pursue the appeal in a representative capacity.

Similarly here, the trial court's termination orders took effect immediately and Old National did not request a stay of those orders. Once the trusts terminated, Old National's representative capacity was terminated and, along with it, any power or ability to act on behalf of the trusts. Therefore, Old National cannot maintain this appeal in its representative capacity.

Just short of outright concession of this point, Old National responds that it is not bringing this appeal in its representative capacity. Rather, it states that it is appealing in its individual capacity. *See* Appellant's Response to Motion to Dismiss, pp. 6-7. In support of this argument, Old National claims that it is an aggrieved party pursuant to Indiana Code section 30-4-6-11(a). Under the Trust Code, "[a]ny person considering himself aggrieved by any decision of a court having jurisdiction in proceedings under this article may prosecute an appeal to the court having jurisdiction of such an appeal." Ind. Code § 30-4-6-11(a). Old National asserts that it is personally aggrieved by the trial court's orders terminating the trusts because the orders terminated its position as trustee and ended its administration of the trusts' assets. Therefore, it maintains it has standing to pursue this appeal.

We again turn to this Court's decision in *Simon*. Bren, like Old National, argued that she had standing as an aggrieved party under Indiana Code section 30-4-6-11(a) and

5

the corresponding statute in the Probate Code, Indiana Code section 29-1-1-22. The Court noted, however, that just as Indiana Appellate Rule 17(A) provides that "[a] party of record in the trial court . . . shall be a party on appeal," the converse is also true: a person who is not a party of record in the trial court cannot become a party for the first time on appeal. *Simon*, 957 N.E.2d at 989. Accordingly, to prosecute an appeal, the entity considering itself aggrieved must have first been a party before the trial court. *Id.* at 988-89. Additionally, there are no appellate rules providing for intervention in an appeal. *Id.* at 989.

The Court then noted that after her removal as personal representative and trustee, Bren did not move to intervene in her individual capacity in the trial court. Further, the Court stated that the fact that Bren was personal representative and trustee at the moment she filed her request for certification of an interlocutory appeal did not mean she retained her standing to maintain the appeal after she lost her fiduciary status. Consequently, the Court concluded that Bren, who brought the appeal in her representative capacity and did not intervene in the trial court in her individual capacity, could not establish standing as an aggrieved party for the first time on appeal. *Id.*

Here, Old National, in its individual capacity, was not a party in the trial court. Further, after the trial court ordered the trusts terminated, Old National did not move to intervene in its individual capacity. Merely because Old National is aggrieved by losing the business and corresponding revenue that is involved in holding the position of trustee and administering trust assets does not automatically confer standing. As the Court found with Bren in the *Simon* case, the fact that Old National is aggrieved is insufficient in itself

6

to confer standing where Old National no longer occupies its representative capacity and did not intervene in its individual capacity. Standing is a jurisdictional prerequisite, and one with standing can lose it. *Id.*

In summary, we hold that Old National lacks standing to pursue this appeal. Old National did not obtain a stay of the trial court's order terminating the trusts. Therefore, the trusts, as well as Old National's position as trustee, terminated. As Old National is no longer the trustee of the trusts, it can no longer litigate in its representative capacity on behalf of the trusts.

In addition, Old National did not intervene in its individual capacity in the trial court. Thus, Old National was not a party in the trial court, and, consequently, it cannot be an aggrieved party on appeal.

## CONCLUSION

For the reasons stated, we are without jurisdiction to consider this appeal on the merits, and we dismiss.

Dismissed.

BAKER, J., and NAJAM, J., concur.