## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**
May 13 2015, 10:04 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Leanna Weissmann
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE

Richard A. Butler
Jessica L. Butler
Lawrenceburg, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| City of Lawrenceburg, Indiana Board of Public Works & Safety, *Appellant-Defendant,* <br><br> v. <br><br> Douglas Taylor, *Appellee-Plaintiff.* | May 13, 2015 <br><br> Court of Appeals Case No. 15A01-1410-PL-463 <br><br> Appeal from the Dearborn Superior Court <br><br> The Honorable James B. Morris, Special Judge <br><br> Cause No. 15D02-1310-PL-67 |

**Najam, Judge.**

## Statement of the Case

[1] The City of Lawrenceburg Board of Public Works and Safety ("the Board") appeals the trial court's dismissal of Douglas Taylor's amended complaint without prejudice. The Board contends on appeal that under Trial Rule 41(A) the dismissal of Taylor's amended complaint was an adjudication on the merits

and, as such, that the trial court was required as a matter of law to dismiss his amended complaint with prejudice. The Board also contends in the alternative that the trial court abused its discretion when it dismissed Taylor's amended complaint without prejudice. We need not address the Board's contentions but consider only the following dispositive issue: whether the Board has standing to pursue this appeal. We dismiss.

## Facts and Procedural History

[2] On October 25, 2013, Taylor filed his complaint against the Board after it terminated his employment with the Lawrenceburg Police Department. In the caption and body of his complaint, Taylor labeled the Board as "City of Lawrenceburg, Indiana Board of Public Works and Safety." Appellant's App. at 6. On December 5, the Board, adopting Taylor's label for it in its own caption, moved to dismiss Taylor's complaint with prejudice because Taylor had "failed to name the real party in interest." *Id.* at 9. On July 16, 2014, Taylor filed his response to the motion to dismiss and "agree[d] that he ha[d] failed to name the real party in interest," which should have been "the City of Lawrenceburg rather than the Defendant Board of Public Works and Safety." *Id.* at 11. As such, Taylor agreed that the Board's "Motion to Dismiss should be granted," albeit "without prejudice." *Id.* at 11. That same day, the court granted the motion to dismiss without prejudice. The court's caption for that order identified the Board as "City of Lawrenceburg Indiana Board of Public Works." *Id.* at 12.

[3] On July 25, 2014, Taylor filed his amended complaint against the "City of Lawrenceburg" ("the City"). *Id.* at 13. Taylor did not name the Board as a party in his amended complaint. On July 30, the City, adopting Taylor's label for it in its caption, filed a motion to dismiss the amended complaint on the grounds that the amended complaint was untimely. On August 6, Taylor agreed to voluntarily dismiss his complaint pursuant to Indiana Trial Rule 41(A)(1)(a). On October 3, the court granted the City's motion to dismiss "without prejudice" ("the October 3rd Order"). *Id.* at 5. The caption of that order erroneously named the Board rather than the City as the defendant.

[4] On October 28, the Board filed a notice of appeal from the October 3rd Order. In its notice of appeal, the Board identified itself using the label from Taylor's original complaint. In particular, the notice of appeal identifies one appellant, which it labels as the "City of Lawrenceburg, Indiana Board of Public Works." Notice of Appeal at 1.

[5] On March 4, 2015, Taylor moved to dismiss the Board's appeal on the grounds that the Board was not a party to the judgment being appealed and, therefore, it lacked standing to pursue the appeal. In response, counsel for the Board stated that her "appearance was . . . for both the City . . . and the Board . . . ." Appellant's Verified Response to Motion to Dismiss at 1. In support of this assertion, counsel stated that "[b]oth [the City and the Board] are listed in the notice [of appeal], separated by a comma to denote they are separate entities." *Id.* at 2. Counsel also stated that, following the dismissal of the original complaint, "the cause number remained the same, the Board remained listed as

a party in the [CCS], and the trial court continued to include the Board in its captions . . . ." *Id.* Our motions panel denied Taylor's motion to dismiss on March 27.

## Discussion and Decision

[6] The Board asserts that the trial court erred when it dismissed Taylor's amended complaint without prejudice. But, on cross-appeal, Taylor asserts that our motions panel erred when it denied his motion to dismiss this appeal. Because Taylor's argument raises a question of our jurisdiction, we address it first. *Allstate Ins. Co. v. Scroghan*, 801 N.E.2d 191, 193 (Ind. Ct. App. 2004), *trans. denied*. As we have explained:

> it is well established that a writing panel may reconsider a ruling by the motions panel. *Miller v. Hague Ins. Agency, Inc.*, 871 N.E.2d 406, 407 (Ind. Ct. App. 2007). While we are reluctant to overrule orders decided by the motions panel, this court has inherent authority to reconsider any decision while an appeal remains *in fieri*. *Id.* This is especially true where, as here, after considering a more complete record than was available to the motions panel, and the appellate briefs, we have determined there is clear authority establishing that the motions panel erred. *See Cincinnati Ins. Co. v. Young*, 852 N.E.2d 8, 12 (Ind. Ct. App. 2006).

*Simon v. Simon*, 957 N.E.2d 980, 987 (Ind. Ct. App. 2011).

[7] Taylor asserts that the Board lacks standing to pursue this appeal. We have explained standing as follows:

A would-be party must first have standing to seek relief from the courts. Standing is defined as having a "sufficient stake in an otherwise justiciable controversy." *Ind. Civil Rights Comm'n v. Indianapolis Newspapers, Inc.*, 716 N.E.2d 943, 945 (Ind. 1999). Like the real-party-in-interest requirement, the point of the standing requirement is to insure that the party before the court has a substantive right to enforce the claim that is being made in the litigation. *Pence v. State*, 652 N.E.2d 486, 487 (Ind. 1995). Standing is "a significant restraint on the ability of Indiana courts to act, as it denies the courts any jurisdiction absent an actual injured party participating in the case." *Id.* at 488. Moreover:

> *The standing requirement mandates that courts act in real cases, and eschew action when called upon to engage only in abstract speculation*. An actual dispute involving those harmed is what confers jurisdiction upon the judiciary: For the disposition of cases and controversies, the Court requires adverse parties before it. Standing focuses generally upon the question whether the complaining party is the proper person to invoke the Court's power. However, more fundamentally, standing is a restraint upon this Court's exercise of its jurisdiction in that *we cannot proceed where there is no demonstrable injury to the complainant before us.*

*Id.* (first emphasis added; quotation omitted). In order to have standing, the challenging party must show adequate injury or the immediate danger of sustaining some injury. *Ind. Civil Rights Comm'n*, 716 N.E.2d at 945 (citing *Pence*, 652 N.E.2d at 488).

*Id.*

[8] We agree with Taylor that the Board lacks standing to pursue this appeal. The Board was not a party to Taylor's amended complaint and, therefore, could not

have been a party to the October 3rd Order, which dismissed the amended complaint. And we reject the Board's assertion that the caption on the October 3rd Order is binding. "[W]e do not elevate form over substance by refusing to ignore what the conduct tells us." *Old Nat'l Bancorp v. Hanover Coll.*, 15 N.E.3d 574, 578 (Ind. Ct. App. 2014). Here, the substance of the parties' conduct before the trial court makes clear that the Board was a party to the original complaint, but the Board moved to dismiss that complaint for failure to name a real party in interest. Taylor conceded this point and the trial court dismissed his original complaint without prejudice. Taylor then filed an amended complaint in which he named only the City, not the Board, as a party. The proceedings before the trial court make clear that the trial court's caption on the October 3rd Order was simply an error in form.

[9] Indeed, the Board cannot both assert in the trial court that it is not a real party in interest yet assert in this court that it has standing to pursue this appeal. In other words, we agree with Taylor that the Board, having previously claimed that it was not a real party in interest and having been dismissed upon its own motion on those grounds, is not a party of record in Taylor's subsequent action against the City in the trial court. Thus, the Board is judicially estopped from bringing this appeal from the October 3rd order. *See, e.g.*, *Morgan Cnty. Hosp. v. Union*, 884 N.E.2d 275, 280 (Ind. Ct. App. 2008) ("Judicial estoppel . . . prevent[s] a litigant from asserting a position that is inconsistent with one asserted in the same or a previous proceeding."), *trans. denied*.

[10] We also reject the Board's argument that the placement of the comma in its name in its notice of appeal demonstrates that it is really both the City and the Board, not just the Board. Again, in his original complaint, Taylor named only the Board as the defendant, and he labeled the Board as "City of Lawrenceburg, Indiana Board of Public Works and Safety." Appellant's App. at 6. In both its December 5th motion to dismiss and the notice of appeal, the Board adopted Taylor's label for it. The Board did not suggest to the trial court that the placement of the comma in this label represented two entities rather than one. Moreover, the Board's new argument on appeal would require this court to label the Board as the "Indiana Board of Public Works and Safety." This is unquestionably not the Board's title. As such, we reject this argument.

[11] In sum, we agree with Taylor that the Board is the only appellant in this appeal and that the Board lacks standing to pursue the appeal. As standing is a prerequisite to this court's jurisdiction, we dismiss this appeal.

[12] Dismissed.

Baker, J., and Friedlander, J., concur.