WILLIAM TAYLOR AND OTHERS, APPELLANTS, v. GEORGE M. SAVAGE, EXECUTOR OF SAMUEL SAVAGE, DECEASED, DEFENDANT.

Where a decree is passed by the court below against an executor, being the defendant in a chancery suit, and before an appeal is prayed the executor is removed by a court of competent jurisdiction, and an administrator *de bonis non* with the will annexed, is appointed, all further proceedings, either by execution or appeal, are irregular, until the administrator be made a party to the suit.

If an execution be issued before the proper parties are thus made, it is unauthorized and void; and no right of property will pass by a sale under it.

The administrator cannot obtain redress by application to this court, but must first be made a party in the court below. This may be done at the instance of either side.

After he is thus made a party, he may stay proceedings by giving bond, or the complainants may enforce the decree, if the bond be not filed in time.

It is not clear that a complainant who has appealed from a decree in his favour, in the hope of obtaining a larger sum, can, pending the appeal, issue execution upon the decree of the court below.

*Morehead*, of counsel for the appellee, moved the court for leave to give an appeal bond in this case, which shall operate as a *supersedeas*, and for leave to docket the cross-appeal, and for such relief as may meet the case.

He stated that Taylor had obtained a decree against Savage, executor of Savage, in the court below, for $5000 and upwards; that the decree was actually rendered on the 29th day of November, 1842, but was entered as of the day before; that the complainant had appealed from this decree, and sent the record up to this court, where the case is now pending; that an appeal was also prayed and allowed on the part of the defendants; that this last-mentioned appeal was not carried out, because, on the 28th day of November, the date of the decree, the Orphan's Court of Lauderdale county, in Alabama, removed Savage from his executorship, and appointed Vincent-M. Benham administrator *de bonis non* with the will annexed; that, of course, Savage could not give bond to prosecute the appeal which had been allowed him, and Benham lived at a distance from the court when the decree was rendered, and was ignorant of the said decree, and of the change made in the representative of the estate; that the complainants, notwithstanding their appeal, had taken out execution, which had been levied upon the property of the deceased, and a sale was about to take place; that among the subjects of said levy were some family negroes, who had been for several generations in the family; whom it would be especially painful to part with; that the complainants resided in Scotland and other foreign countries, so that there would be no chance to recover back the money, if the decree of the court below should be reversed.

Under these circumstances he moved for leave to docket the cross appeal, upon giving security, and for an order to quash the execution irregularly issued; and filed affidavits setting forth the facts stated above. He stated that he had not been able to find a precedent bearing upon the case, but argued to show that the petitioner was entitled to relief.

*Crittenden,* contrà.

If no precedent can be found, it is a strong argument against the motion. Distance of the residence of the complainants is no reason for relief, because one of the parties in every suit must be the inhabitant of another state. The execution is not here; nothing but an affidavit. The petitioner has other means of relief than by coming to this court. As to the hard-

ship of the case, twenty days were given below to file the bond. Why did not the party come in? It is said he lived at a distance. How far? When was he told of the decree? The papers are studiously ambiguous. The complainants are not all foreigners; one of them is a citizen of Pennsylvania, and now in court. There is no irregularity in the execution.

*Sergeant*, in reply, and for the petitioner.

If the papers are ambiguous, the other side could have had them cleared up, because they have been filed for some days.

This court has possession of the case by virtue of the appeal brought up on the other side. United States Court and Orphan's Court sat in different places, and neither knew what the other did. After appeal, the case was not in the court below, because it was removed here, and the whole case brought up. The wrong has been done to the court itself; the party has been brought here to defend the appeal, and then execution is issued against him. The only case like this is in 7 Cranch, 278. The execution is not noticed on the record at all, and must have issued after the record was made out.

Mr. Chief Justice TANEY delivered the opinion of the court.

This case is brought before the court by the petition of Vincent M. Benham, administrator *de bonis non* with the will annexed of Samuel Savage.

It appears that a bill was filed by William Taylor and others, in the District Court of the United States for the northern district of Alabama, against George M. Savage, executor of Samuel Savage, deceased, to which the defendant appeared and answered. Testimony was taken on both sides, and at the final hearing on the 28th of November, 1842, the court decreed that the complainants recover of the respondent, as executor of Samuel Savage, $5212 92 and costs, to be levied of the goods and chattels, lands and tenements of the said Samuel Savage. On the same day the Orphan's Court of Lauderdale county, in the state of Alabama, having competent jurisdiction for that purpose, removed the said George M. Savage from his executorship, and appointed Vincent M. Benham, the petitioner above mentioned, administrator as aforesaid. Huntsville, where the District Court of the United States held its session, and Florence, where the Orphan's Court of Lauderdale

county was in session, were distant from each other between seventy and eighty miles; and the new administrator, Vincent M. Benham, does not appear to have known of the decree until some days after it was passed. At the time of the decree Harvey Dillahunty was attending to the suit in chancery as the attorney in fact of George M. Savage, the respondent, and two days afterwards, that is to say, on the 30th of November, 1842, in the name of the respondent, prayed an appeal; and the District Court, with the consent of the complainants, passed an order giving the said George M. Savage liberty to file an appeal bond at any time within twenty days from the adjournment of the court. On the 2d of December, the complainants also appealed, and on the same day gave the usual bond to cover costs, which was duly approved; and the transcript of the record and proceedings had in the cause in the District Court have been transmitted to and docketed in this court in the names of the said William Taylor and others, complainants and appellants, against the said George M. Savage, executor of Samuel Savage, respondent and appellee.

The executor having been removed as aforesaid, no bond was executed by him nor by Vincent M. Benham, the administrator, within the time limited by the court; and therefore an execution was issued by the clerk of the District Court against the property of Samuel Savage, by virtue of which the marshal has seized the property of the said deceased, and is about to sell the same in order to satisfy the decree.

In this state of the proceedings, Benham, the administrator, has filed his petition at the present term, setting forth the facts as above mentioned, and offering to file a transcript of the proceedings on his part and to give security on his appeal, and praying that his bond may be approved by this court, and the execution issued by the complainants superseded until the appeal can be heard and decided in this court. Affidavits have been filed on both sides, but there is no conflict between them in any circumstance deemed material by the court; nor do they vary in any important particular from the statement contained in the petition.

We are by no means prepared to say that a complainant, after having appealed from a decree in his favour, can be permitted, pending the appeal, to carry into execution the decree which he is seeking to reverse in the appellate court, in order to obtain a

decree for a larger sum. But the relief asked for by the petition cannot be granted, because there is no case legally in this court upon the appeal of either party, upon which process can be issued The decree in the Circuit Court is against George M. Savage, executor of the last will and testament of Samuel Savage deceased. There was no other party respondent in the District Court, and the decree was passed against him in his representative character. Before the appeal was prayed on either side, he had ceased to be the representative of the estate of Samuel Savage, and had no control over it, nor any right to interfere with it by prosecuting or appearing to an appeal, or in any other manner. By his removal from the office of executor, he was as completely separated from the business of the estate as if he had been dead, and had no right 'o appear in or be a party in this or any other court, to a suit which the law confided to the representative of the deceased. No further proceedings, therefore, could be had on the decree in the District Court, until Benham, the administrator *de bonis non*, was made a party.

In this view of the subject, it follows, 1. That the appeal of the complainants is not regularly before this court, and the irregularity cannot be cured here unless the administrator voluntarily appears to it. The case may, however, upon the application of the appellants, be remanded to the District Court, with leave to make the proper parties.

2. The execution issued on the decree was unauthorized and void, and no right of property will pass by a sale under it, if one should be made by the marshal.

3. The appeal of Benham, the administrator *de bonis non*, is also irregular; and the case cannot be brought here by him unless he is first made a party in the District Court.

But he may be made a party there, either upon his own application or that of the complainants, according to the rules and practice in chancery proceedings. And when this has been done, the administrator may take an appeal; and upon giving bond within the time prescribed by law, all proceedings upon the decree will be stayed in the District Court, until the decision of this court shall be had in the premises. And if he fail to give the bond within the limited period, the complainants will then be entitled to process from the District Court, in order to enforce it. As the

case now stands, there is no suit here upon which this court can found any process to set aside the execution improperly issued, and the petition of Benham, the administrator, must be dismissed.

### ORDER.

On consideration of the petition of Vincent M. Benham, filed in this case, and of the arguments of counsel thereupon had, it is now here ordered by this court that the said petition be and the same is hereby dismissed.