## WEILAND, EXECUTRIX, ETC. v. SCHEUCH

[No. 18,288. Filed April 16, 1953.]

*Ezra H. Stewart,* of Indianapolis, for appellant.

*Willis K. Kunz* and *Halbert W. Kunz,* both of Indianapolis, for appellees.

CRUMPACKER, J.—This is an appeal from a judgment of the Probate Court of Marion County whereby Cora K. Weiland was removed as executrix of the will of Carrie M. Hows, deceased, and her letters testamentary revoked.

Strict application of the law pertaining to appellate procedure and our rules governing the briefing of cases on appeal leaves us little or nothing to decide. The appellant has appealed from the judgment herein in her representative capacity. As was said by this court in *Union, etc., Trust Co., Admr.* v. *Eddingfield, Admr.* (1922), 78 Ind. App. 286, 134 N. E. 497: "The order of revocation was self executing. An appeal does not operate to suspend the effect of such order. The order "completely stripped the trust company of its authority and took away its representative capacity. Thereby its prior connection with the estate was completely severed." The court then quotes from *Taylor* v. *Savage* (1843), 1 How. (U. S. 42) 282, 11 L. Ed. 132, wherein the Supreme Court of the United States said that the personal representative of a deceased person,

who has been removed from his office of trust, has no control over the decedent's estate "nor any right to interfer with it by prosecuting an appeal" from the removal order. Thus it seems settled that the present appellant was personally aggrieved by the judgment in question and she should have appealed as an individual and not in a capacity she no longer occupies.

Nevertheless we have examined the record and briefs of counsel from which it appears that the estate involved in this litigation has a net value of less than $10,000. It is in its tenth year of administration and no problems appear that seem to warrant such an unreasonable delay in its final settlement. Most of the orderbook entries show petitions for additional time to take steps routine in the administration of any estate and for the allowance of attorney's and executor's fees. This delay has precipitated litigation which is gradually consuming the estate's assets and specific legacies will no doubt be impaired. In all this we do not say that the appellees are wholly without blame but the whole situation presents a picture subversive to the declared policy of our courts that decedent's estates be settled without unreasonable delay.

Upon an ordinary record we would have dismissed this appeal on the grounds first stated in this opinion without further comment but the circumstances appeal to us as warranting *obiter dictum* that may lead to the early settlement of this unfortunate estate.

Appeal dismissed.

NOTE.—Reported in 111 N. E. 2d 664.