**In re The Supervised ESTATE OF Andrea B. EGUIA,**

**Graciela Telez, Appellant,**

v.

**Esther B. Eguia, as trustee of the Estate of Andrea B. Eguia, and The Sociedad Guadelupana, Appellees.**

**No. 01A02–0903–CV–223.**

Court of Appeals of Indiana.

Nov. 30, 2009.

David Van Gilder, Andrew P. Simmons, Van Gilder & Trzynka, P.C., Fort Wayne, IN, Attorneys for Appellant.

Michael D. Hawk, David K. Hawk, Hawk, Haynie, Kammeyer & Chickedantz LLP, Fort Wayne, IN, Attorneys for Appellees.

## OPINION

MAY, Judge.

Graciela Telez was the personal representative of Andrea Eguia's estate until her removal on August 29, 2007. Andrea left the residue of her estate to the Sociedad Guadalupana (hereinafter "Sociedad"), an unincorporated religious society. Telez appeals the probate court's determination that Esther Eguia, Eleazar Gracia, and Mary Jane Gracia are the trustees of the Sociedad and are entitled in that capacity to receive the property left to the Sociedad. The Appellees, the Sociedad and Esther, argue, *inter alia*, that Telez lacks

standing to appeal. We agree and therefore dismiss her appeal.

## FACTS AND PROCEDURAL HISTORY[1]

Andrea Eguia passed away on April 16, 2005. Her will made specific bequests to some of her children, and the residue was left to the Sociedad. The will named Telez as personal representative. Telez opened a probate case on July 11, 2005.

While that case was pending, a dispute arose as to who the legitimate leaders of the Sociedad were. On August 16, 2005, Ermelinda Reyes and Francisco Eguia filed a complaint for declaratory relief in the Adams Circuit Court. The matter came before the same judge who was presiding over the probate case. The complaint alleged that, at the time of Andrea's death, Reyes and Andrea were co-trustees of the Sociedad and Francisco was president. The complaint requested a declaration that Reyes is the current trustee of the Sociedad and Francisco is its president.

In October, 2005, Esther filed a Certificate of Appointment of Trustees (hereinafter "Certificate") in the Adams County Recorder's Office. The Certificate stated Esther was the duly appointed *Caja Mayor* of the Sociedad and certified that Esther, Eleazar, and Mary Jane had been appointed trustees in accordance with the common custom of the Sociedad. Esther, Eleazar, and Mary Jane then moved to dismiss Reyes' and Francisco's complaint. On February 7, 2006, the trial court granted the motion and dismissed for lack of subject matter jurisdiction. In addition, the court opined the Certificate was conclusive evidence of the leadership of the

---

1. At the outset, we note that the names of several people involved in this case have been spelled in different ways on different documents filed with this court. We have done our best to ascertain the correct spellings.

Sociedad, which Reyes and Francisco lacked standing to challenge.

Meanwhile, Telez had filed a preliminary inventory of the estate in the probate case, but apparently did little else to bring the estate to a close thereafter. On August 23, 2006, a Motion to Compel Distribution, or Alternatively, to Remove Personal Representative was filed.[2] A hearing on the motion was held on November 29, 2006. Apparently, Telez expressed uncertainty about who should receive the property on behalf of the Sociedad due to the dispute over its leadership. Esther argued the matter had already been settled by the declaratory judgment case.[3] The court gave Esther thirty days to submit a brief on that issue and gave Telez thirty days to respond. The court indicated it would determine whether the issue had already been decided, and if not, the court would hold an evidentiary hearing. The court also told Telez it would like her to file a final accounting within two weeks, or a month at the latest. Counsel for Telez stated that would not be a problem, but the final accounting was not filed.

Esther filed her brief on December 29, 2006, but Telez did not respond. On April 11, 2007, the trial court issued an order without holding a hearing. The trial court determined, *inter alia*, the Certificate was conclusive evidence that Esther, Eleazar, and Mary Jane are trustees of the Sociedad. Therefore, the residue of Andrea's estate should be given to them on behalf of the Sociedad.

On May 2, 2007, Esther filed a Renewed Motion to Compel Distribution, or Alternatively to Remove Personal Representative. The motion alleged Telez had done little or nothing to bring the estate to a close after the court resolved the issue of the leadership of the Sociedad.

Before the court ruled on that motion, Reyes, Francisco, and Fernando Eguia filed a motion to certify the April 11, 2007, order for interlocutory appeal and to stay the case. The probate court granted that motion, but we declined to accept jurisdiction.

On August 8, 2007, the Sociedad filed a Motion to Remove Personal Representative Without Notice.[4] Telez filed an objection, but the court granted the motion on August 29, 2007. On October 17, 2007, Telez filed a motion to certify the April 11, 2007, order as final for purposes of appeal, but the probate court denied that motion. The estate finally was closed in 2009, and on March 6, 2009, Telez filed a notice of appeal.

On July 7, 2009, the Appellees moved to dismiss Telez's appeal. They argued: (1) Telez lacked standing; (2) Telez did not preserve the issues she raised on appeal; and (3) the issues are *res judicata* because they were decided in the declaratory judgment case. Telez responded on July 22, 2009. On August 17, 2009, our motions panel denied the motion to dismiss.

## DISCUSSION AND DECISION

■ Telez argues the residue of the estate should not be turned over to Esther,

---

2.  It is unclear who filed this motion, but a subsequent motion suggests it was Esther.

3.  The Appellees assert Telez had been a party to the declaratory judgment case, but Telez denies this. The Appellees moved to dismiss Telez's appeal and attached a copy of the chronological case summary from the declaratory judgment case. That copy of the CCS shows Telez moved to intervene on January

10, 2006, but does not reflect any ruling on the motion. In their Appendix, the Appellees included one page of the CCS. This copy shows Telez moved to intervene on January 10, 2006, and the motion was granted the same day. Neither party explains this discrepancy.

4.  At some point, the attorneys representing Esther also began representing the Sociedad.

Eleazar, and Mary Jane as trustees for the Sociedad because: (1) the court did not give controlling weight to Andrea's intent; (2) the court should have settled the dispute using a deference to polity approach instead of a neutral principles of law approach; and (3) the court's decision in the declaratory judgment case should not be given *res judicata* effect. The Appellees renew the arguments they raised in their motion to dismiss.

■ We are reluctant to overrule orders decided by the motions panel, but we have inherent authority to reconsider any decision while an appeal remains *in fieri. Miller v. Hague Ins. Agency, Inc.*, 871 N.E.2d 406, 407 (Ind.Ct.App.2007), *reh'g denied.* Despite this general reluctance, we have on several occasions closely reviewed a motions panel's decision on a jurisdictional issue. *See, e.g., Citizens Industrial Group v. Heartland Gas Pipeline, LLC,* 856 N.E.2d 734, 736–37 (Ind.Ct.App. 2006), *trans. denied, Int'l Creative Mgmt., Inc. v. D & R Entertainment Co., Inc.,* 670 N.E.2d 1305, 1309–10 (Ind.Ct.App.1996), *trans. denied.*

■ The circumstances of this case warrant revisiting the decision of the motions panel, and we conclude Telez lacks standing.

> The issue of standing focuses on whether the complaining party is the proper person to invoke the court's power. To have standing, a party must demonstrate a personal stake in the outcome of the lawsuit and must show, at a minimum, it was in immediate danger of sustaining some direct injury as a result of the conduct at issue.

*Shand Mining, Inc. v. Clay County Bd. of Comm'rs,* 671 N.E.2d 477, 479 (Ind.Ct. App.1997) (citations omitted), *trans. denied.* "The standing requirement is a limit on the court's jurisdiction which re-strains the judiciary to resolving real controversies in which the complaining party has a demonstrable injury." *Schloss v. City of Indianapolis,* 553 N.E.2d 1204, 1206 (Ind.1990), *reh'g denied.* The standing requirement is designed to ensure "litigation will be actively and vigorously contested." *Id.*

Telez would have standing to challenge her removal as personal representative. *Weiland v. Scheuch,* 123 Ind.App. 421, 422–23, 111 N.E.2d 664, 664 (1953). However, she has not done so. She is neither the personal representative nor a beneficiary of Andrea's will, and she does not claim to be a member of the Sociedad.

■ Telez's argument is that she believes Andrea intended for Reyes and Francisco to control the property on behalf of the Sociedad, and as the person named as the personal representative in Andrea's will, she feels it is her responsibility to try to carry out Andrea's intent. She relies on Ind.Code § 29–1–1–22, which provides, "Any person considering himself aggrieved by any decision of a court having probate jurisdiction in proceedings under this article may prosecute an appeal to the court having jurisdiction of such appeal." She appears to interpret the phrase "considering himself aggrieved" to mean that her subjective belief that she is aggrieved controls. That is not the law. That interpretation would provide no discernable limit to who could challenge a probate court's decision. For a person to be "aggrieved" under the statute, the probate court's judgment must be adverse to the person's legal interests. *Jaqua v. Reinhard,* 99 Ind.App. 261, 264–65, 190 N.E. 887, 889 (1934). Telez asserts no such interest.

In their brief, the Appellees elaborate on the facts surrounding Telez's removal

as personal representative.[5] The record reflects Telez allowed the probate proceedings to languish and might have intentionally disregarded the probate court's orders. We think it unjust to allow her to pursue an appeal based on her asserted interest as a former personal representative when her unnecessary delays in administering the estate led to her removal. *See Weiland,* 123 Ind.App. at 422, 111 N.E.2d at 664 (after dismissing improper appeal by former executrix, we criticized in *dicta* the unreasonable delay in administrating the estate and the multiple extensions of time sought for routine tasks).

This case involves the sensitive issue of how a court should resolve a property dispute arising among members of a religious organization. This issue is better litigated by parties that have a true stake in the outcome. *See Schloss,* 553 N.E.2d at 1206 (standing requirement is designed to ensure litigation will vigorously contested). Telez has not demonstrated that the probate court's resolution of the issue has affected or will affect her in any way. Therefore, we conclude she lacks standing, and we dismiss her appeal.

Dismissed.

CRONE, J., and BROWN, J., concur.

---

5. Many of these facts were not mentioned in the motion to dismiss.