Brian SMITH, Appellant–Plaintiff,

v.

BRENDONWOOD COMMON, INC., Appellee–Defendant.

No. 49A02–1006–PL–785.

Court of Appeals of Indiana.

June 9, 2011.

Jason R. Delk, Daniel J. Gibson, Delk McNally, Muncie, IN, Attorneys for Appellant.

David B. Honig, Hall, Render, Killian, Heath & Lyman, P.C., Indianapolis, IN, Attorney for Appellee.

## OPINION

MAY, Judge.

Brian Smith appeals summary judgment for Brendonwood Common, Inc. He presents multiple issues, but we find dispositive that Smith had no standing to bring his claim. We affirm.

## FACTS AND PROCEDURAL HISTORY

Brendonwood is a neighborhood established in 1917 pursuant to a warranty deed and incorporated as a non-for-profit entity. Pursuant to its articles of incorporation, its members include the owners of the 110 plots located within the confines of the land deeded in 1917. Smith is one of those owners. Pursuant to Brendonwood's By-Laws, the Board must obtain written permission of at least 100 plot owners before commencing any improvements to the common areas of Brendonwood.

In 2006, Brendonwood's Board of Directors circulated a ballot regarding two proposals: one for installation of automatic gates at all three entrances, and one for installation of automatic gates at two entrances and a gate with a 24–hour guard at one entrance. The ballot asked each owner to vote: yes or no for the "automated gates" proposal, yes or no for the "manned gates" proposal, or if the owner voted yes for both proposals, the owner was to indicate which the owner preferred. (App. at 116.) In August 2007, the Board determined it had received the written approval for the construction of gates from 101 plot owners,[1] and soon thereafter started construction of the gates.

On April 8, 2009, Smith filed a complaint for injunctive relief and declaratory judgment, claiming Brendonwood violated its ByLaws. Brendonwood filed a motion for summary judgment on February 5, 2010. After a hearing, the trial court granted Brendonwood's motion.

## DISCUSSION AND DECISION

Brendonwood argues Smith did not have standing to pursue his claim, and thus

---

1. After the Board made this determination, the ballots were lost or destroyed. It is unclear how many owners voted for each of the two gate proposals; rather it appears the total of 101 owners represents the combined total of independent owners who voted for some form of gate—not necessarily that 101 owners voted for the same gate system.

summary judgment was proper. We review summary judgment under the following standard:

> A party is entitled to summary judgment upon demonstrating the absence of any genuine issue of fact as to a determinative issue unless the non-moving party comes forward with contrary evidence showing an issue of fact for trial. An appellate court reviewing a trial court summary judgment ruling likewise construes all facts and reasonable inferences in favor of the non-moving party and determines whether the moving party has shown from the designated evidentiary matter that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. But a *de novo* standard of review applies where the dispute is one of law rather than fact.

*Dugan v. Mittal Steel USA, Inc.,* 929 N.E.2d 184, 185–86 (Ind.2010).

■ To have standing to bring a claim, "a person must demonstrate a personal stake in the outcome of the lawsuit and must show, at a minimum, it was in immediate danger of sustaining some direct injury as a result of the conduct at issue." *In re Estate of Eguia,* 917 N.E.2d 166, 169 (Ind.Ct.App.2009). To determine whether a person is "injured" for the purposes of standing, we apply the following test:

> First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical[.]' " Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be "fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

■ Smith has not demonstrated he was "in immediate danger of sustaining some direct injury as a result of the conduct at issue." *See Eguia,* 917 N.E.2d at 169. Under the plan of action ultimately enacted, no property owner was required to pay for construction of the gates because the cost some property owners would pay would be disproportionate to the benefit they might receive from the gates. Rather, Brendonwood decided to solicit voluntary donations from property owners to defray the costs of the gates. Smith has presented no evidence he contributed to the construction of the gates or that he was required to do so. Therefore, Smith's asserted "injury" is neither "concrete" nor "imminent" and cannot pass the *Lujan* test.[2] As Smith was not injured by Bren-

---

2. In his brief, Smith asserts, "The residents of 56th Street however are required to contribute $5000.00 in order to get a gate on their property." (Appellant's Br. at 14.) In support, Smith cites the following language in a deposition: "Most of them [owners of property on 56th Street] donated $5,000. Some [of] them donated $4,000. The agreement the Board reached was that they should donate at least one-half the cost [of gates on the residents' private properties.]." (App. at 142.)

This language supports Brendonwood's assertion that payment for the gates was voluntary, not mandatory as Smith suggests. While the Board may have provided an agreed amount as to how much each resident would need to donate for a gate to be constructed, that statement does not suggest the amounts paid were anything other than donations. As Smith cited no other evidence to support this argument, it fails.

donwood's actions, he does not have standing to pursue his claim. Accordingly, we affirm the summary judgment in favor of Brendonwood.

Affirmed.

FRIEDLANDER, J., and MATHIAS, J., concur.