## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEYS FOR APPELLANT

Andrew C. Mallor
Kendra G. Gjerdingen
Mallor Grodner LLP
Bloomington, Indiana

ATTORNEYS FOR APPELLEE

Andrew Z. Soshnick
Teresa A. Griffin
Faegre Baker Daniels LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

In the Matter of the Guardianship of M.B.,

Mariea L. Best,

*Appellant-Nonparty,*

v.

Russell C. Best,

*Appellee-Petitioner*

June 16, 2015

Court of Appeals Case No. 06A01-1408-GU-355

Appeal from the Boone Superior Court

The Honorable Matthew C. Kincaid, Judge

Case No. 06D01-1401-GU-1

**Crone, Judge.**

## Case Summary

Mariea L. Best attempts to appeal from the trial court's order appointing her ex-husband, Russell C. Best, as guardian of their twenty-year-old incapacitated

daughter, M.B. However, because Mariea was not a party to the guardianship proceedings below and because she has not demonstrated that the trial court's judgment is adverse to her legal interests, she is without standing to pursue this appeal. Consequently, we dismiss her appeal.

## Facts and Procedural History

[2] The present case is yet another chapter in the seemingly never-ending post-dissolution litigation between Mariea and Russell.[1] While it is unnecessary to belabor the tumultuous details, some procedural background is warranted. Mariea and Russell's marriage was dissolved in 2004. They initially agreed to share custody of their two children: son Alex, born in 1992, and daughter, M.B., who has Down Syndrome and was born in 1995. In June 2009, the dissolution court granted Russell's petition to modify custody and awarded Russell sole legal and primary physical custody of Alex and M.B. Mariea appealed, and our supreme court affirmed the dissolution court's decision in *Best I*, 941 N.E.2d at 504.

[3] The intense battles between this ex-couple that ensued have revolved solely around M.B. In October 2011, the dissolution court approved a mediated agreed entry ("Agreed Entry") between the parties which provided in relevant part as follows:

---

[1] *Best v. Best*, 941 N.E.2d 499 (Ind. 2011) ("*Best I*"); *In re Marriage of Best*, 06A04-1401-DR-46 (Ind. Ct. App. Jun. 25, 2014) ("*Best II*"); *Best v. Best*, No. 06A04-1403-DR-124 (Ind. Ct. App. Sept. 3, 2014) ("*Best III*").

> 3. Neither party (either personally or in a representative capacity) will seek guardianship of [M.B.] prior to her attaining twenty-one years of age unless necessary for medical or public benefits purposes. If it becomes necessary before age twenty-one (21), it is agreed that [Russell] will serve as the guardian. Barring establishment of a guardianship, the custody order and jurisdiction of this Court remain in full force and effect.

Appellant's App. at 43.

[4] At some point after M.B.'s nineteenth birthday, the parties decided that a guardianship over M.B. should be established even though she was not yet twenty-one years old. However, despite the Agreed Entry, Mariea filed several motions and petitions in an attempt to be named M.B.'s guardian, including a petition for guardianship in the Hamilton Superior Court. Russell responded by filing a petition with the dissolution court to enforce the Agreed Entry. On January 3, 2014, the dissolution court entered its order which provided that the issue of guardianship was resolved by the parties' Agreed Entry, and that the Boone Superior Court has jurisdiction over guardianship proceedings. The court further ordered, "if deemed necessary for medical or public benefits purposes, Russell Best shall with the consent of Mariea Best, file a petition to establish guardianship over the person of [M.B.] in a court of proper jurisdiction." *Id*. at 53. Mariea appealed that order. Another panel of this Court affirmed the dissolution court's order in *Best II*, slip. op. at 2.

[5] While the appeal in *Best II* was pending, Russell filed a petition to establish guardianship over M.B.'s person in Boone Superior Court. Russell also requested that Mariea consent to his guardianship petition. When Mariea

refused to give her consent, Russell filed a contempt petition in the dissolution court alleging that Mariea willfully and intentionally failed to comply with the parties' Agreed Entry and the court's January 3, 2014 order. Following an evidentiary hearing, the dissolution court found Mariea in contempt and ordered her "to sign a blanket consent to the guardianship of [M.B.] by Russell Best by 8:00 a.m. on February 20, 2014." Appellant's App. at 247. Mariea signed the consent which included language that the consent was "without prejudice to [Mariea's] right to request a replacement guardian of the person of [M.B.] after the appointment of Russell Best as her guardian." *Id*. at 76. Mariea then appealed the dissolution court's contempt order. This Court affirmed the court's order in *Best III*, slip op. at 4.

[6] Meanwhile, the parties entered into an agreement filed with the Hamilton Superior Court entitled "Court Order of February 20, 2014" that essentially memorialized the dissolution court's contempt order. Specifically, the order provided that Mariea would dismiss her guardianship action in the Hamilton Superior Court because the Boone Superior Court has jurisdiction over the guardianship of M.B. Mariea also agreed that she would not "directly or indirectly, oppose [Russell's] petition that he be appointed guardian of the person of [M.B.]," but she reserved the right to request a replacement guardian after Russell was appointed. *Id*. at 248. The agreement further stated that "the parties agree that this order shall be effective in the pending Boone Superior Court I guardianship action, and should be recognized as an order of that Court." *Id*. at 249. On February 26, 2014, Russell filed his amended petition to

establish guardianship over the person of M.B. in the Boone Superior Court and attached Mariea's consent to his petition.

[7] On March 26, 2014, M.B.'s brother, Alex, filed a motion to intervene in the guardianship proceedings. Without objection from Russell, Alex filed his cross-petition seeking his appointment as guardian or co-guardian of M.B. Alex also filed a petition for the court to appoint a guardian ad litem ("GAL") for M.B. The trial court appointed a GAL on April 28, 2014. In its appointment order, the trial court directed the GAL to consider, among other things, whether it is in M.B.'s best interests that Russell be appointed, that Alex be appointed, or that some third person "unrelated to [M.B.] by the first degree be appointed" guardian. *Id.* at 97. The court specifically noted that Mariea "by previous agreement has waived her ability to contest the *initial* appointment of Russell Best as guardian or to pursue appointment herself." *Id.* at 94 n.1. Shortly thereafter, following the submission of physician reports indicating that M.B. was unable to care for herself or her property and that she faced immediate and irreparable injury, the trial court, on its own motion, appointed Russell as temporary guardian of M.B. pending final outcome of the guardianship proceedings. As an intervening party, Alex filed his consent to Russell being appointed temporary guardian.

[8] Even though Mariea was not a party to the guardianship proceedings, she filed multiple motions and petitions with the trial court, including a petition for appointment of a replacement guardian, essentially contesting the meaning of her consent to the appointment of Russell as M.B.'s guardian and objecting to

the trial court's determination that she was ineligible to be appointed as guardian. On July 14, 2014, the trial court overruled Mariea's objections and dismissed her petition for appointment of a replacement guardian again concluding that Mariea

> is ineligible to serve as an initial guardian in this case because she has already consented to [Russell] serving as guardian. She has bargained away her standing vis-à-vis [Russell]. Because she consents to [Russell] being guardian, she is estopped from taking a contrary position at the hearing that she be appointed. That would render the [Agreed Entry] between [Russell] and [Mariea] a nullity, contrary to the public policy favoring the durability of settlement agreements and, more to the point, contrary to the Court of Appeals' ruling on this very issue.

*Id*. at 139. The trial court went on to explain that there is nothing to prevent Mariea from seeking appointment as a successor guardian in the future, but that her current request to be considered for and appointed guardian is not ripe due to her consent that Russell serve, at least initially, as guardian.[2] The court stated that, based upon her consent, Mariea could not participate as a party in the guardianship proceedings or petition the trial court "in any fashion adverse" to Russell's petition for guardianship. *Id*. at 140. However, the trial court

---

[2] Mariea argued that Russell's appointment as M.B.'s temporary guardian during the pendency of the guardianship proceedings made her eligible to go ahead and seek appointment as a replacement guardian pursuant to the Agreed Entry in which she reserved the right to request a replacement guardian for M.B. "after the appointment of [Russell] as her guardian." Appellant's App. at 76. It appears that the trial court found Mariea's argument disingenuous, and we agree. Clearly the reservation of rights language in Mariea's consent contemplates a scenario that could occur only after a guardianship appointment has been made at the conclusion of the guardianship proceedings and not merely the temporary appointment of Russell as guardian during the pendency of the guardianship proceedings.

concluded that Mariea could attend the guardianship hearing and that she could testify if called as a witness.[3]  The trial court's dismissal of Mariea's petition for replacement was "without prejudice if [Russell] (a) is found not qualified and is not appointed and/or (b) [Russell] is appointed but in the future removed or incapable of serving and a successor guardian is required; this DISMISSAL is otherwise with prejudice." *Id.*[4]

The trial court held evidentiary hearings on July 15, 30, and 31, 2014.  Russell and Alex both appeared by counsel and each requested to be appointed guardian over the person and estate of M.B.  Mariea attended the hearings as an interested person along with her counsel.  M.B. attended the hearings with her GAL who was also represented by counsel.  At the conclusion of the hearings, the trial court took the matter under advisement and, on August 8, 2014, issued extensive findings of fact and conclusions thereon pursuant to Indiana Trial Rule 52, appointing Russell as guardian of the person and estate of M.B.[5]

[9]  On August 25, 2014, Mariea filed a notice of appeal.  Thereafter, Russell filed a verified motion to dismiss the appeal with prejudice arguing that Mariea was neither a party to the guardianship action nor an aggrieved person within the

---

[3] Indiana Code Section 29-3-5-1(f) provides:

> Any person may apply for permission to participate in the proceeding, and the court may grant the request with or without hearing upon determining that the best interest of the alleged incapacitated person or minor will be served by permitting the applicant's participation.  The court may attach appropriate conditions to the permission to participate.

[4] Mariea did not seek an interlocutory appeal of this decision.

[5] We commend the trial court for its incredibly detailed, thorough, and thoughtful findings and conclusions.

meaning of the guardianship statutes, and therefore she is without standing to pursue an appeal of the trial court's decision. Mariea objected to the motion to dismiss. On October 22, 2014, our motions panel entered an order holding the motion to dismiss in abeyance to be addressed by the writing panel to which this case was assigned. The parties then filed their respective appellate briefs and appendices. As the writing panel, we now address whether dismissal of this appeal is appropriate.

## Discussion and Decision

[10] Russell challenges Mariea's standing to bring this appeal. We begin by noting that our supreme court has defined standing as "having sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy." *Old Nat'l Bancorp v. Hanover Coll.*, 15 N.E.3d 574, 575-76 (Ind. 2014) (citation and some quotation marks omitted). "Like the real-party-in-interest requirement, the point of the standing requirement is to insure that the party before the court has a substantive right to enforce the claim that is being made in the litigation." *Simon v. Simon*, 957 N.E.2d 980, 987 (Ind. Ct. App. 2011). Standing focuses generally upon the question of whether the complaining party is the proper person to invoke the Court's power. *Pence v. State*, 652 N.E.2d 486, 488 (Ind. 1995). More fundamentally, however, "standing is a restraint upon this Court's exercise of its jurisdiction in that *we cannot proceed where there is no demonstrable injury to the complainant before us.*" *Id.* (quoting *City of Indianapolis v. Bd. of Tax Comm'rs*, 261 Ind. 635, 638, 308 N.E.2d 868, 870 (1974)).

Initially, we note that Mariea concedes that she was not a party to the guardianship proceedings below. We have previously explained that, just as Indiana Appellate Rule 17(A) provides that "[a] party of record in the trial court … shall be a party on appeal," the converse is also true: a person who is not a party of record in the trial court cannot become a party for the first time on appeal. *Simon*, 957 N.E.2d at 989. Instead, to maintain an appeal, the person considering herself aggrieved first must have been a party before the trial court as there are no appellate rules providing for intervention on appeal. *Id.* at 988-89. In short, one cannot appeal a judgment entered in a proceeding in which one was not a party. *Matter of Guardianship of Coffey*, 624 N.E.2d 465, 466 (Ind. 1993). As it is undisputed that Mariea was not a party in the guardianship proceedings, as a general matter it follows that she cannot now appeal the trial court's judgment entered in those proceedings.

Nevertheless, Mariea maintains that she has standing to appeal the trial court's order pursuant to *Bristow v. Konopka*, 166 Ind. App. 357, 359, 336 N.E.2d 397, 398 (1975) (stating that to appeal pursuant to the guardianship statutes "one need not be a party, and need only 'consider' himself aggrieved) and the broad language of Indiana Code Section 29-1-1-22. That section provides:

> Any person considering himself aggrieved by any decision of a court having probate jurisdiction in proceedings under this article may prosecute an appeal to the court having jurisdiction of such appeal. Such appeal shall be taken as appeals are taken in civil causes. Executors, administrators, guardians and fiduciaries may have a stay of proceedings without bond.

[11] Ind. Code § 29-1-1-22. Mariea's reliance on these authorities is misplaced.

First, we remind Mariea that regardless of whether she considers herself aggrieved by the trial court's judgment here, Indiana Appellate Rule 9(A) clearly states that "[a] *party* initiates an appeal…." (emphasis added). Moreover, we have concluded that a person's subjective belief that he or she is aggrieved does not control, as such interpretation of the above statutory language would "provide no discernable limit to who could challenge a probate court's decision." *In re Estate of Eguia*, 917 N.E.2d 166, 169 (Ind. Ct. App. 2009). Rather, for a person to be "aggrieved" pursuant to the statute, the probate court's judgment must be adverse to that person's legal interests. *Id*. Under the circumstances presented, Mariea can claim no cognizable legal interest.

Mariea consented to Russell's appointment as M.B.'s guardian, as well as her ineligibility to serve, at least initially, as guardian, in the Agreed Entry, and this Court has twice concluded that she is bound by that consent. *See Best II*, slip op. at 2; *Best III*, slip op. at 4. At the conclusion of the guardianship proceedings, the trial court appointed Russell guardian of M.B.'s person and estate. Mariea has not demonstrated that the trial court's judgment has affected her or will affect her in any way based upon her prior consent to this exact result. Due to her consent, she had no true stake in the outcome of these proceedings, and therefore she has failed to demonstrate that she has any legal interest to which

the court's judgment was adverse.[6]  For the reasons stated, Mariea lacks standing to pursue an appeal of the trial court's judgment, and we therefore dismiss her appeal.

Dismissed.

Brown, J., and Pyle, J., concur.

---

[6] We additionally note that the doctrine of "[j]udicial estoppel prevents a party from assuming a position in a legal proceeding inconsistent with one previously asserted when the court has acted on the admissions of the estopped party." *Ohning v. Driskill*, 739 N.E.2d 161, 163 (Ind. Ct. App. 2000), *trans. denied* (2001).  Mariea consented to Russell's appointment as M.B.'s guardian in the Agreed Entry and, as noted above, this Court has twice concluded that she is bound by that consent.  The trial court here acted in accordance with Mariea's consent.  She is estopped from now asserting that there is a justiciable legal dispute between herself and Russell on this issue.