## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 15 2016, 9:07 am

CLERK
of the supreme court,
court of appeals and
tax court

| APPELLANT PRO SE | ATTORNEYS FOR APPELLEES |
|---|---|
| Bobby Ray Long | Dan L. Strahl |
| Indianapolis, Indiana | Steven M. Elsbury |
| | Greenfield, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In the Matter of the Guardianship of Sue Ann Scott, Adult, | February 15, 2016 |
| Bobby Ray Long, | Court of Appeals Case No. 30A01-1506-GU-658 |
| *Appellant-Non-Party,* | Appeal from the Hancock Circuit Court |
| v. | The Honorable Richard D. Culver, Judge |
| Dan L. Strahl, Steven M. Elsbury, and Gary McDonald, | Trial Court Cause No. 30C01-1403-GU-17 |
| *Appellees-Petitioners.* | |

**Kirsch, Judge.**

[1] Bobby Ray Long ("Long") appeals the trial court's order overruling his objection to the guardianship of Sue Ann Scott ("Scott"), contending that the

trial court abused its discretion when it did so. Finding that Long lacks standing to bring this appeal, we dismiss.

## Facts and Procedural History

On March 13, 2014, Gary McDonald ("McDonald") was appointed as guardian of his mother, Scott. Scott consented to the appointment of McDonald as her guardian, as did her four children, McDonald, Phillip McDonald, David McDonald, and Sherrie Sauer ("Sauer"). On June 23, 2014, Long filed with the trial court a motion to remove guardian. On July 10, 2014, Sauer, who is Scott's adult daughter, filed with the trial court a motion to remove guardian and a request for consolidation of cases to have her motion consolidated with Long's motion. The trial court set a hearing on the two motions, but before the hearing, Long and Sauer moved to withdraw their motions. On April 10, 2015, the trial court received a letter from Long in which he requested that McDonald be removed as guardian of Scott. After receiving the letter, the trial court set a hearing for May 18, 2015 on Long's objections to guardianship. After the hearing, the trial court issued an order finding "that . . . Long is the former boyfriend of . . . Sauer, who apparently is no longer considered a part of the family." *Appellees' App*. at 9. The trial court ordered that "the objections to the guardianship filed by . . . Long be, and the same hereby are, overruled." *Id*. Long now appeals.

## Discussion and Decision

[3] Initially, we note that our Supreme Court has defined standing as "'having sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy.'" *Old Nat'l Bancorp v. Hanover Coll.,* 15 N.E.3d 574, 575-76 (Ind. 2014) (quoting *Ind. Civil Rights Comm'n v. Indianapolis Newspapers, Inc.*, 716 N.E.2d 943, 945 (Ind. 1999)). The point of the standing requirement is to ensure that the party before the court has a substantive right to enforce the claim that is being made in the litigation. *Simon v. Simon,* 957 N.E.2d 980, 987 (Ind. Ct. App. 2011). Standing focuses generally upon the question of whether the complaining party is the proper person to invoke the court's power. *Id.* "'However, more fundamentally, standing is a restraint upon this Court's exercise of its jurisdiction in that *we cannot proceed where there is no demonstrable injury to the complainant before us.*'" *Id.* (quoting *Pence v. State,* 652 N.E.2d 486, 488 (Ind. 1995)) (emphasis in original).

[4] Appeals may be taken by either party from all final judgments in circuit courts and superior courts. Ind. Code § 34-56-1-1. In order to prosecute an appeal, "the person considering [him]self aggrieved must have first been a party before the trial court." *Simon*, 957 N.E.2d at 988-89. Indiana Appellate Rule 17(A) provides in pertinent part that a party of record in the trial court shall be a party on appeal. It has been held by this court that the "converse is also true: a person who is not a party of record in the trial court cannot become a party for the first time on appeal." *Simon*, 957 N.E.2d at 989 (citing *Treacy v. State,* 953

N.E.2d 634, 635-36 (Ind. Ct. App. 2011), *trans. denied*). Thus, Appellate Rule 17 limits the class of parties on appeal to parties of record in the trial court. *Id.*

[5] In the present case, Long was not a party of record in the trial court during the guardianship proceedings. Long is not related by blood or marriage to Scott, the protected person who is the subject of the guardianship. The trial court originally set a hearing in response to Long's June 23, 2014 motion for removal of the guardian because a motion had also been filed by Sauer, a child of Scott. However, no other family member joined Long in his letter sent in April 2015 that again requested the removal of the guardian. At no time did Long ever petition the trial court to intervene in the guardianship action. Further, Long is not an aggrieved party in this case. "For a person to be 'aggrieved' under the statute, the probate court's judgment must be adverse to the person's legal interests." *In re Estate of Eguia*, 917 N.E.2d 166, 169 (Ind. Ct. App. 2009). A person's subjective belief that he or she is aggrieved does not control, because such interpretation would "provide no discernable limit to who could challenge a probate court's decision." *Id.* Here, while Long may well have a personal interest, he has no legal interest in Scott, and therefore, the trial court's order overruling his objection to the guardianship did not cause any adversity to him. We, therefore, conclude that Long lacks standing to pursue an appeal of the trial court's judgment, and we dismiss his appeal.

[6] Dismissed.

[7] Mathias, J., and Brown, J., concur.